**Henry DEUTSCHER, Petitioner,**

v.

**Harol WHITLEY, Warden of the Nevada State Prison, and Brian McKay, Attorney General of the State of Nevada, Respondents.**

No. CV–N–86–445–ECR.

United States District Court,
D. Nevada.

Oct. 22, 1987.

Greg Costello by David J. Burman, Stephen R. Illa and Perkins Coie, Seattle, Wash., and Thomas E. Perkins, Carson City, Nev., for petitioner.

Brian McKay, Atty. Gen. by Brian Hutchins, Carson City, Nev., and Robert J. Miller, Clark Co. Dist. Atty. by James Tufteland, Deputy, Las Vegas, Nev., for respondents.

EDWARD C. REED, Jr., Chief Judge.

The Court, by its order of June 26, 1987, 663 F.Supp. 793 (D.Nev.1987), held that the petitioner has not established cause and prejudice to excuse his procedural default on counts 2, 3, 5, 6, 9, and 10 of the habeas corpus petition. The Court had held a hearing, and had received evidence on the question of whether the petitioner's trial counsel's failure to raise these various claims in the state courts amounted to ineffective assistance of counsel. The Court found, in essence, that these six claims were in an evolving state at the time of the petitioner's trial, and that counsel was not derelict in his duty for failing to assert these arguments at the state level.

The Court did find that state trial counsel was ineffective in failing to raise the *Witherspoon* claim contained in count 8 of the petition. The Court found that that claim had developed to the point that all reasonably competent counsel would have at least considered the issue when defending a death penalty case. In view of the fact that the petitioner's trial counsel admitted that he had not ever considered raising the issue, the Court found that cause and prejudice existed to excuse the petitioner's procedural default on this matter in the state courts.

Both the petitioner and the respondents have filed motions to reconsider the Court's order. The petitioner argues that the Court has failed to consider the novelty of the six claims when finding that no cause and prejudice existed to excuse the petitioner's procedural default. The respondents, on the other hand, take issue with the Court's finding of prejudice with respect to count 8 of the petition. Neither motion states a proper basis for this Court to reconsider its previous order, and both motions will be denied.

PETITIONER'S MOTION TO RECONSIDER

The petitioner, in his motion to reconsider, contends that the Court failed to consider his arguments regarding the novelty of the six claims before they were dismissed on procedural default grounds. There is no doubt that novelty is an appropriate means of establishing cause and prejudice to excuse procedural default. *See Smith v. Murray,* 477 U.S. 527, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986). The problem with the petitioner's assertion of novelty in this case is that the issue is apparently being raised for the first time in the motion to reconsider. The Court has reviewed the petitioner's opposition to the motion to dismiss, and all of the pleadings on file with respect to cause and prejudice and procedural default. It appears to the Court that the petitioner's only argument with respect to cause and prejudice was the alleged ineffectiveness of the trial counsel. The Court does not find that novelty was ever properly placed before the Court for its decision. Even if novelty had been stated somewhere in the pleadings, it is counsel's obligation to present issues completely and properly to the Court for their disposition. Raising matters for decision in motions to reconsider is not the proper manner to proceed in this Court.

It also appears that novelty claims cannot be supported by the facts of this case. In *Smith v. Murray, supra,* the latest statement of the novelty doctrine, the Supreme Court restricted the scope of the doctrine as it had been stated in *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). In the *Smith* case, the petitioner had been convicted of murder in Virginia state courts. During the investigation of

the crime, the petitioner made incriminating statements to a state psychiatrist which were later introduced into evidence against him. Although trial counsel objected to the introduction of the evidence at trial, he did not raise the issue as error on appeal. *Id.*, 106 S.Ct. at 2666. When the petitioner attempted to raise the issue in a petition for a federal writ of habeas corpus, the lower courts found that the argument was precluded by procedural default. The petitioner contended, however, that cause and prejudice were present in the case, as trial counsel was ineffective for failing to consider the claim, and that the claim was so novel that the claim was not available to counsel at that time. *Id.*

The Supreme Court upheld the lower courts' dismissal of the petition. After finding that no ineffective assistance of counsel could be established on these facts, the Court concluded that the petitioner also had not established a claim of novelty. Although the Court noted that the *Reed* Court had found novelty to exist where the basis for the constitutional claim was not "reasonably available" to counsel, the Court in *Smith* found it had to reconcile this rule with *Engle v. Issac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). In so doing, the Court concluded that the question with respect to novelty of claims is "whether at the time of the default the claim was 'available' at all." *Id.,* at 2667. In view of the fact that various forms of the claim which the petitioner now hoped to assert were "percolating" in the lower courts at the time of the petitioner's original appeal, the Court concluded that the petitioner could not contend that the legal bases of this claim were unavailable to the petitioner's attorney. The Court thus affirmed the dismissal of the petition.

In this case, it also appears that the legal bases for the claims which the petitioner hopes to assert were not so unavailable that they must be considered novel. The petitioner's own expert witness testimony at the evidentiary hearing proves this beyond doubt. At that hearing, Mr. Ford, the petitioner's expert, testified that the "tools" for the development of all of these claims were in existence at the time of the petitioner's original appeal. It was Mr. Ford's testimony that all of these claims, much as the claim in *Smith,* had been "percolating" in the lower courts for quite some time, and that any competent counsel would have therefore raised the issues. This Court agreed with the expert that the tools for the development of the claims were present at that time, but found that petitioner's counsel had not been ineffective in failing to raise them. As in *Smith,* the fact that these claims were "percolating" in the lower courts at the time of the appeal is not sufficient to find that they were unavailable to the petitioner at the time of his original appeal. The claims of novelty are thus without support.

■ The petitioner makes much of the fact that the Court's previous order found several of these claims to have been not reasonably available to the petitioner's counsel. This argument is of little concern to the Court. Initially, the Court made those findings with respect to counsel's obligation to assert a matter on appeal. That a claim was not so firmly entrenched in death penalty jurisprudence that reasonably effective counsel should have raised the issue does not automatically indicate that the issue was so unavailable at that time as to be novel for purposes of cause and prejudice. In addition, the standard for novelty, as developed in *Smith* is not whether the claim was reasonably available to counsel, but instead whether the claim was available at all. As indicated above, the evidence in this case indicates that these claims were available to a certain extent, but that they were not so well established that counsel should have necessarily raised them. The petitioner's motion for reconsideration will therefore be denied.

RESPONDENTS' MOTION FOR RECONSIDERATION

■ The respondents contend that the Court failed to consider the state trial record when finding that the petitioner's trial counsel was ineffective for failing to consider the *Witherspoon* issue presented in count 8 of the petition. This motion is

the result of the respondents' misunderstanding of the role of prejudice in procedural default. As the Court stated in its previous order, prejudice for purposes of procedural default exists where the claim which the petitioner seeks to assert has a reasonable probability to free him from the allegedly unlawful restraint on his freedom. Thus, the Court found in the previous order that the petitioner could not demonstrate prejudice with respect to count 7 of the petition regarding race discrimination in capital sentencing. As the Supreme Court made clear in *McKlesky v. Kemp,* —— U.S. ——, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987), such an argument does not constitute grounds to vacate an otherwise lawfully imposed death sentence. Even if counsel had been ineffective in failing to raise the race issue, therefore, the fact that the claim could never void the death sentence prevented it from filling the prejudice plank.

Prejudice was found to exist with respect to count 8 because the *Witherspoon* claim, if it is ultimately established, may void the petitioner's sentence of death. As noted above, however, the Court need not review any of the state trial record to determine whether prejudice exists. The determination is purely a matter of law, and focuses upon the strength of the particular legal doctrine, not upon the petitioner's ability to establish a violation of the doctrine in this case. The Court will now be required to look into the record to establish whether a *Witherspoon* violation has indeed occurred, but the fact that it did not do so in the cause and prejudice stage of this case is not a basis for the Court to reconsider its previous order.

IT IS, THEREFORE, HEREBY ORDERED that the petitioner's motion to reconsider is DENIED.

IT IS FURTHER ORDERED that the respondents' motion to reconsider is DENIED.