991 F.2d 605
 Henry DEUTSCHER, Petitioner-Appellant-Cross-Appellee,
v.
Harol WHITLEY, Warden of the Nevada State Prison, and Brian
McKay, Attorney General of the State of Nevada,
Respondents-Appellees-Cross-Appellants.
 Nos. 88-2552, 88-2579.
 United States Court of Appeals,
Ninth Circuit.
 April 20, 1993.
 
 David J. Burman, Perkins Coie, Seattle, WA, for petitioner-appellant-cross-appellee.
 David F. Sarnowski, Chief Deputy Atty. Gen., Carson City, NV, for respondents-appellees-cross-appellants.
 On Remand from the United States Supreme Court.
 Before SKOPIL, FARRIS, and HALL, Circuit Judges.
 FARRIS, Circuit Judge:
 
 
 1
 Henry Deutscher has shown to our satisfaction that it is more probable than not that, but for his constitutionally deficient counsel, he would not have been sentenced to die. Deutscher v. Whitley, 946 F.2d 1443 (9th Cir.1991) (setting aside Deutscher's death sentence). The Supreme Court, --- U.S. ----, 113 S.Ct. 367, 121 L.Ed.2d 279, directs us to reconsider our judgment in light of Sawyer v. Whitley, --- U.S. ----, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). The concern is not the accuracy of our conclusion but the measuring rod that we used.
 
 
 2
 In Sawyer, the Supreme Court held that to excuse the filing of a second habeas corpus petition, "one must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law." Id. --- U.S. at ----, 112 S.Ct. at 2517. In Sawyer, under Louisiana law, a person who is convicted of first-degree murder is eligible for the death penalty if at least one valid aggravating circumstance is found. The jury found three statutory aggravating factors and an absence of statutory mitigating factors. The jury sentenced Sawyer to death.
 
 
 3
 Sawyer claimed that because one of the three aggravating factors was found inapplicable by the Louisiana Supreme Court, and because mitigating evidence was kept from the jury due to the ineffective assistance of counsel, he was not eligible for the death penalty. The Supreme Court rejected the argument, stating that eligibility in Louisiana is determined by requiring a finding of at least one aggravating circumstance. Even without the one invalid aggravating factor, two remained. Under Louisiana law, mitigating factors are not considered in determining eligibility. Sawyer therefore could not show by clear and convincing evidence that a reasonable juror would not have found both aggravating factors which made him eligible for the death penalty.
 
 
 4
 In sharp contrast to Louisiana, Nevada is a "weighing state." A Nevada sentencer must consider and weigh both mitigating and aggravating circumstances before it can determine whether a defendant is eligible for the death penalty. The statute provides:
 
 
 5
 Every person convicted of murder of the first degree shall be punished:
 
 
 6
 (a) By death, only if one or more aggravating circumstances are found and any mitigating circumstance or circumstances which are found do not outweigh the aggravating circumstance or circumstances.
 
 
 7
 Nev.Rev.Stat.Ann. § 200.030(4)(a) (1992) (emphasis supplied).
 
 
 8
 The jury or the panel of judges may impose a sentence of death only if it finds at least one aggravating circumstance and further finds that there are no mitigating circumstances sufficient to outweigh the aggravating circumstance or circumstances found.
 
 
 9
 Id. § 175.554(2) (1992) (emphasis supplied). A defendant is eligible for the death penalty in Nevada only if the aggravating factors outweigh the mitigating factors. See DePasquale v. State, 106 Nev. 843, 803 P.2d 218, 223 n. 10 (1990), cert. denied, --- U.S. ----, 112 S.Ct. 99, 116 L.Ed.2d 70 (1991). The Supreme Court's refusal in Sawyer to consider mitigating evidence does not extend to a weighing state such as Nevada, where consideration of mitigating evidence necessarily precedes the eligibility determination.
 
 
 10
 The Supreme Court recognized that the eligibility determination may include more than consideration of aggravating factors. The Court stated that "[s]ensible meaning is given to the term 'innocent of the death penalty' by allowing a showing in addition to innocence of the capital crime itself a showing that there was no aggravating circumstance or that some other condition of eligibility had not been met." --- U.S. at ----, 112 S.Ct. at 2522 (emphasis supplied). While Louisiana considers only aggravating factors in the eligibility determination, the Court also recognized that "[s]tatutory provisions for restricting eligibility may, of course, vary from state to state." Id. --- U.S. at ---- n. 12, 112 S.Ct. at 2522 n. 12.
 
 
 11
 In short, Sawyer requires the consideration of mitigating evidence in those states like Nevada that require balancing of mitigating factors against aggravating factors; however, the Supreme Court sharply limits this inquiry when it is raised in a subsequent petition for habeas relief. In those instances, the Court requires a showing of innocence of the death penalty by clear and convincing evidence, thereby rejecting the "more probable than not" standard that we used in Deutscher II.
 
 
 12
 No one can know with the degree of certainty required, what a jury, properly instructed, would have done in the penalty phase had it been presented the evidence in mitigation that should have and would have been presented, but for the sole reason that counsel was incompetent. Unless a trier of fact does the balancing, courts on appeal can only speculate. See Sawyer, --- U.S. ----, 112 S.Ct. at 2522 ("[I]t is a far more difficult task [than ruling on whether the offense itself was committed] to assess how jurors would have reacted to additional showings of mitigating factors...."). One who is about to die should not be denied the certainty that is mandated by the Constitution because of a rush to "get on with it." See Gardner v. Florida, 430 U.S. 349, 360, 97 S.Ct. 1197, 1205, 51 L.Ed.2d 393 (1977) ("[I]f the disputed matter is of critical importance, the time invested in ascertaining the truth would surely be well spent if it makes the difference between life and death.").
 
 
 13
 We recognize that one who is sentenced to death need not have excessive review before the penalty is carried out, but the constitutional mandate of adequate review requires strict adherence. See Barefoot v. Estelle, 463 U.S. 880, 887-88, 103 S.Ct. 3383, 3391-92, 77 L.Ed.2d 1090 (1983). To provide less renders the death penalty cruel and unusual punishment. See Clemons v. Mississippi, 494 U.S. 738, 751-52, 110 S.Ct. 1441, 1449-50, 108 L.Ed.2d 725 (1990).
 
 
 14
 The standard "more probable than not" would have provided adequate review. Perhaps "clear and convincing" will, too, but one thing is absolutely certain--until the Supreme Court speaks again, that is the standard to be applied. Sawyer, --- U.S. at ----, 112 S.Ct. at 2517.
 
 
 15
 Time apparently influences the constitutional standard. See Garcia v. San Antonio Metro. Transit Auth., 469 U.S. 528, 580, 105 S.Ct. 1005, 1033, 83 L.Ed.2d 1016 (1985) (Rehnquist, J., dissenting) ("I do not think it incumbent on those of us in dissent to spell out further the fine points of a principle that will, I am confident, in time again command the support of a majority of this Court."). In the Old West, time was the only, the absolute, measuring rod. If a citizen came forward with the cry, "I saw him do it," the jailhouse doors were not strong enough--sometimes, because of assistance from within--to protect one accused of committing a heinous crime. We have left those dark days behind in our march toward civilization. We now have time for trial with full constitutional protection, and we have time for review of any alleged constitutional deficiency. But when the appeal process is exhausted, the first federal habeas petition should allege all constitutional defects. Subsequent petitions may be rejected under a standard of review that some will argue precludes review. As the Court has stated, the object of finality precludes review after the sentence of death has been imposed and there has been "inexcusable neglect" in failing to raise the claim at the first opportunity. McCleskey v. Zant, --- U.S. ----, ----, 111 S.Ct. 1454, 1468, 113 L.Ed.2d 517 (1991).
 
 
 16
 Were this Deutscher's first petition for a writ of habeas corpus, we would be required to grant his petition. See Sochor v. Florida, --- U.S. ----, ----, 112 S.Ct. 2114, 2119, 119 L.Ed.2d 326 (1992); Clemons, 494 U.S. at 752, 110 S.Ct. at 1450. Unfortunately for Deutscher, this is his second petition. Deutscher can not show cause for his default. See Coleman v. Thompson, --- U.S. ----, ---- - ----, 111 S.Ct. 2546, 2566-68, 115 L.Ed.2d 640 (1991). We can not say that Deutscher has shown by clear and convincing evidence that no reasonable juror would have found him eligible for the death penalty under Nevada law had the mitigating evidence been weighed against the aggravating factors. We therefore are required to deny the second habeas petition.
 
 
 17
 DENIED.
 
 
 18
 CYNTHIA HOLCOMB HALL, Circuit Judge, concurring:
 
 
 19
 I concur in the result reached by the majority. Henry Deutscher has not shown by clear and convincing evidence that he is actually innocent of the death penalty, and therefore his second habeas petition must be denied. However, I write separately to express my disagreement with the tone of the majority's opinion as well as its insistence that Mr. Deutscher would be entitled to relief under a less exacting standard.
 
 
 20
 The majority opinion makes no effort to conceal its distaste for the clear and convincing evidence standard adopted by the Supreme Court in Sawyer v. Whitley, --- U.S. ----, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). I believe that this criticism of the clear and convincing evidence standard is unjustified. In contrast to the majority's suggestion, this standard does not effectively preclude adequate review. Instead, it simply recognizes that the "fundamental miscarriage" of justice exception has historically been reserved for extraordinary cases. McCleskey v. Zant, 499 U.S. ----, ----, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991); Dugger v. Adams, 489 U.S. 401, 412 n. 6, 109 S.Ct. 1211, 1217 n. 6, 103 L.Ed.2d 435 (1989). In so doing, it strikes a proper balance between ensuring that the death penalty is not arbitrarily imposed and the concerns of finality and judicial economy.
 
 
 21
 It can not be disputed that federal habeas litigation presents a heavy burden on scarce judicial resources. Sawyer, --- U.S. at ----, 112 S.Ct. at 2518. The clear and convincing evidence test provides habeas litigants with the incentive to bring all of their claims in their first petition. To the extent that this reduces piecemeal litigation, both the courts and the prisoner should benefit. Not only will the significant costs of habeas review be reduced, but the district court will be more likely to review all of the prisoner's claims in a single proceeding, thus providing for a more focused and thorough review. Rose v. Lundy, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982).
 
 
 22
 Finally, I emphasize that even if the Supreme Court had retained the more probable than not standard rejected in Sawyer, Mr. Deutscher would not be entitled to relief. As I discussed my dissent in Deutscher v. Whitley, 946 F.2d 1443 (9th Cir.1991) "Deutscher II ", Mr. Deutscher is unable to show that a new jury would not sentence him to death. Id. at 1449. He was convicted of a brutal murder, one which included evidence of strangulation, mutilation, and severe beating. I am convinced that the aggravating circumstances involved easily outweighed any relevant mitigating evidence. Id. For these same reasons, I conclude that Mr. Deutscher is unable to satisfy the clear and convincing evidence standard required by Sawyer.