16 F.3d 981
 Henry DEUTSCHER, Petitioner-Appellant-Cross-Appellee,
v.
Ron ANGELONE,* Director of the Nevada Department
of Prisons, Frankie Sue Del Papa,**
Attorney General of the State of Nevada,
Respondents-Appellees-Cross-
Appellants.
Herbert F. AHLSWEDE, Clark County Deputy Public Defender on
Relation of Henry Deutscher, Petitioner-Appellant,
v.
Charles WOLFF, Director, Dept. of Prisons, & Robert Lippold,
Superintendent, Maximum Security Prison,
Respondents-Appellees.
 Nos. 88-2552, 88-2579 and 82-5831.
 United States Court of Appeals,
Ninth Circuit.
 Opinion filed April 20, 1993.
Opinion withdrawn Feb. 16, 1994.
Decided Feb. 16, 1994.
 
 David J. Burman, Perkins Coie, Seattle, Washington, for the petitioner-appellant-cross-appellee.
 Frankie Sue Del Papa, Attorney General, and David F. Sarnowski, Chief Deputy Attorney General, Carson City, Nevada, for the respondents-appellees-cross-appellants.
 Michael G. Millman, California Appellate Project, San Francisco, California, for the amicus.
 On Remand from the United States Supreme Court.
 Before: SKOPIL, FARRIS and HALL, Circuit Judges.
 ORDER
 The opinion filed on April 20, 1993--Deutscher v. Whitley, 991 F.2d 605 (9th Cir.1993)--is withdrawn.
 OPINION
 FARRIS, Circuit Judge:
 
 I. Introduction
 
 1
 In Deutscher v. Whitley, 991 F.2d 605 (9th Cir.1993) (Deutscher III), applying the stricter standards the Supreme Court has imposed on claims that a defendant fails to raise in an initial habeas corpus petition, we denied what we assumed to be Henry Deutscher's second petition. We never determined whether Deutscher had in fact previously filed a habeas petition. In his motion for rehearing, Deutscher renews his claim that because he never authorized the habeas petition filed by his original attorney, Herbert Ahlswede, his present habeas petition should be considered his first one.
 
 
 2
 In response to Deutscher's motion, we remanded the case to the district court for the limited purpose of determining whether Deutscher authorized the filing of his first federal habeas petition. See, e.g., Williams v. Lockhart, 862 F.2d 155, 160 (8th Cir.1988), cert. denied, --- U.S. ----, 112 S.Ct. 213, 116 L.Ed.2d 171 (1991). The district court determined that Deutscher had not authorized the first petition. We affirm the district court's findings and grant Deutscher's current habeas petition.
 
 II. Background
 
 3
 Deutscher was convicted of felony murder and sentenced to death in 1978. After the Nevada Supreme Court affirmed Deutscher's conviction and death sentence, Deutscher v. State, 95 Nev. 669, 601 P.2d 407 (1979), Ahlswede filed a federal habeas petition--purportedly on Deutscher's behalf--which the district court denied.
 
 
 4
 Before we heard Deutscher's appeal, he changed lawyers. We affirmed the district court's denial of the petition. Ahlswede v. Wolff, 720 F.2d 1108 (9th Cir.1983), cert. denied, Deutscher v. Wolff, 469 U.S. 873, 105 S.Ct. 225, 83 L.Ed.2d 155 (1984). In addition, we held that the case could not be remanded to the district court pending completion of state proceedings initiated by new counsel because the petition before the court did not contain any unexhausted claims. Ahlswede, 720 F.2d at 1109.
 
 
 5
 Deutscher, with the assistance of his new attorney, filed another habeas petition in the district court in 1987. In this petition he claimed, among other things, that Ahlswede provided ineffective representation. The district court denied this petition on its merits. Deutscher v. Whitley, 671 F.Supp. 1264 (D.Nev.1987); 682 F.Supp. 1098 (D.Nev.1988). On appeal, we reversed and held that Deutscher was denied effective assistance of counsel because Ahlswede failed to present mitigating evidence at sentencing, despite its availability, and did not challenge an unconstitutional aggravating factor. Deutscher v. Whitley, 884 F.2d 1152, 1159-63 (9th Cir.1989) (Deutscher I). We also held that the failure to raise the ineffectiveness claim in the Ahlswede petition was not an abuse of the writ under existing law. Id. at 1155-56. In Angelone v. Deutscher, --- U.S. ----, 111 S.Ct. 1678, 114 L.Ed.2d 73 (1991), the Supreme Court vacated our decision in Deutscher I and remanded the case in light of McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), which held that to excuse the omission of a claim from an initial habeas petition, a defendant must show either cause and prejudice, or that a fundamental miscarriage of justice would result from the court refusing to entertain the claim.
 
 
 6
 On remand, we found that Deutscher had demonstrated that a fundamental miscarriage of justice would occur if we did not address his claim. Once again, we held that his sentence must be reversed because of his counsel's ineffectiveness. Deutscher v. Whitley, 946 F.2d 1443, 1446-47 (9th Cir.1991) (Deutscher II ). In Hatcher v. Deutscher, --- U.S. ----, 113 S.Ct. 367, 121 L.Ed.2d 279 (1992), the Supreme Court vacated our decision in Deutscher II and remanded the case in light of Sawyer v. Whitley, --- U.S. ----, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992), which held that in order to demonstrate a fundamental miscarriage of justice under McCleskey, the petitioner must demonstrate by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have sentenced the petitioner to death. On this second remand, we concluded that Deutscher's sentencing, though marred by constitutional defects that more probably than not caused the jury to reach an improper sentence of death, could not be remedied because Sawyer "sharply limits this inquiry when it is raised in a subsequent petition for habeas relief." Deutscher III, 991 F.2d at 607.
 
 
 7
 The issue is whether Deutscher authorized the original habeas petition filed by Ahlswede. If not, then his present petition should be regarded as his first petition, and McCleskey's and Sawyer's more stringent standards for claims raised initially in second or subsequent petitions would not be pertinent.
 
 III. Discussion
 
 8
 It cannot fairly be said that Deutscher is raising a new claim at the eleventh hour. The record shows that early on Deutscher disavowed Ahlswede's petition and sought a remand so that Deutscher could become the petitioner and amend the petition to add in all of his claims. We twice granted Deutscher relief on other grounds without reaching this issue. When we denied the petition on the most recent remand, we once again reached a decision without ever considering whether Deutscher had authorized Ahlswede's petition. There is no reason why Deutscher should be sent to his death without a mitigation hearing because a claim he properly brought before the court was not acted upon.
 
 
 9
 The record supports the district court's finding that Deutscher did not authorize the initial habeas petition filed by Ahlswede. We affirm that determination.
 
 
 10
 Deutscher never signed or otherwise verified the petition, and it was filed in Ahlswede's name and signed by Ahlswede. The omission of Deutscher's signature does not prove that Ahlswede filed the petition without Deutscher's approval. In the absence of evidence to the contrary, the presumption is that petitioners represented by competent counsel have been fully informed of the claims raised in the petition. Williams v. Lockhart, 927 F.2d 374, 375 (8th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 213, 116 L.Ed.2d 171 (1991).
 
 
 11
 But the presumption that Deutscher had knowledge of the claims in the petition through a competent counsel has been factually rebutted to the satisfaction of the trier of fact. We previously have determined that Ahlswede did not provide Deutscher with effective representation. Deutscher I, 884 F.2d at 1159-63. We are faced with the unusual situation in which ineffective counsel represented a defendant not merely at trial and appeal, but also during collateral attack. In a proper situation, this condition should not be duplicated.
 
 
 12
 Moreover, in a declaration submitted to the district court, Ahlswede confirmed that he filed the petition without notifying Deutscher or seeking his authorization. Ahlswede mailed Deutscher a copy of the petition after filing it, but he never explained the nature of federal habeas corpus proceedings, the risk that claims not raised might be barred as abuse of the writ, or the appropriateness of having other counsel file the petition. The record satisfies us that the district court properly found that Deutscher did not understand the significance of federal habeas proceedings and did not authorize Ahlswede to file the federal habeas petition.
 
 
 13
 Because Ahlswede filed his petition without Deutscher's signature, knowledge, or consent, we are compelled to hold that the petition Deutscher subsequently filed with the assistance of new counsel is Deutscher's initial habeas corpus petition. The denial of Ahlswede's petition has no bearing on our consideration of Deutscher's petition. Deutscher's concerns about our decision in Ahlswede are moot, and we deny his motion to recall the mandate in that case. Furthermore, Deutscher's petition--his first--need not meet the more stringent standards for second and subsequent petitions that may be deemed abuses of the writ.
 
 
 14
 Each time we revisit Deutscher's petition, we reaffirm our conclusion in Deutscher I that there is at least a reasonable probability that Deutscher would not have been sentenced to die, but for his counsel's failure to: 1) present mitigating evidence and 2) challenge an unconstitutional aggravating factor. Deutscher III, 991 F.2d at 606; Deutscher II, 946 F.2d at 1446-47. In Deutscher III, we observed that "[w]ere this Deutscher's first petition for a writ of habeas corpus, we would be required to grant his petition." 991 F.2d at 608. We are now satisfied that this is the first petition authorized by Deutscher. His petition must be granted.
 
 IV. Conclusion
 
 15
 We DENY Deutscher's motion to recall the mandate in Ahlswede. We AFFIRM Deutscher's conviction in all respects, except we VACATE our decision in Deutscher III and REMAND to the district court for entry of an order granting a new hearing on the penalty phase so that evidence in mitigation of the death penalty may be introduced, unless he state resentences Deutscher within a reasonable time.
 
 
 
 *
 Ron Angelone, Director of the Nevada Department of Prisons, is substituted for Harol Whitley, Warden of the Nevada State Prison, pursuant to Fed.R.App.P. 43(c)(1)
 
 
 **
 Frankie Sue Del Papa is substituted for Brian McKay, Attorney General of the State of Nevada, pursuant to Fed.R.App.P. 43(c)(1)