68 F.3d 295
 95 Cal. Daily Op. Serv. 7405, 95 Daily Journal
D.A.R. 12,693
Jimmie Wayne JEFFERS, Petitioner,
v.
Samuel A. LEWIS, Director, Arizona Department of Corrections
and Roger Crist, Warden, Arizona State Prison, Respondents.
 No. 95-99019.
 United States Court of Appeals,
Ninth Circuit.
 Sept. 12, 1995.
 
 1
 Before: PREGERSON and CANBY, Circuit Judges and WILSON, District Judge*.
 
 ORDER
 
 2
 This is an appeal from the district court's denial of a second petition for habeas corpus by Jimmie Wayne Jeffers, an Arizona prisoner under a sentence of death scheduled to be carried out at 12:01 tomorrow morning, September 13, 1995, about four hours from now. The district court denied the petition and the stay of execution, but granted a certificate of probable cause. Jeffers now asks us to stay his execution so that this court can review his claim on the merits. We stay his execution.
 
 
 3
 The claim that Jeffers asserts is a right to the appointment of conflict-free counsel, to permit him to raise for the first time claims of ineffective assistance of counsel at the guilt and sentencing phases of his trial, and on direct appeal from his conviction and sentence. An amicus brief filed in the district court by the Arizona Capital Representation Project presents colorable arguments that Jeffers was denied effective assistance of counsel in his trial and sentencing and on direct appeal. For example, amicus represents that Jeffers was released on bail from a prior charge when he committed his murder. The judge who released him was subjected to substantial press criticism as a result, but he nevertheless presided over Jeffers' murder trial and sentencing. Counsel made no motion to disqualify him. Amicus also asserts that at Jeffers' resentencing, the only mitigation witness presented by counsel was a mental health expert who had not interviewed Jeffers' family. The lawyers provided no background information concerning Jeffers' family or childhood. Conflict-free counsel would undoubtedly pursue such leads. Jeffers' present counsel could not do so, because they have represented Jeffers, or have been associated with counsel representing him, from the conviction phase of his trial, through sentencing, direct appeal, and all collateral proceedings.
 
 
 4
 Jeffers applied to the state court for appointment of conflict-free counsel on May 26, 1995, and the state trial court denied relief. Jeffers then filed a petition for special action in the Arizona Supreme Court, along with a motion for stay of execution. On August 29, 1995, Vice Chief Justice Moeller (as duty Justice) entered an order conditionally denying the stay of execution, but setting a briefing schedule on the special action petition, and providing that the petition would be submitted for decision without argument at 10:00 a.m. on September 12, 1995 (today), the day before Jeffers' scheduled execution. The Arizona Supreme Court denied the petition shortly after it was submitted, and Jeffers filed for relief in district court. The district court denied relief and a stay shortly thereafter.
 
 
 5
 We recognize that execution of the state's judgment is to be interrupted only for the most imperative reasons, and we take this step only after satisfying ourselves that Jeffers presents colorable claims raising very serious constitutional issues. The Arizona Supreme Court had these constitutional issues before it for over two weeks but waited until late this morning, about twelve hours before Jeffers' scheduled execution, to address and deny the motion. By waiting until the last minute, the Arizona Supreme Court has placed us in the untenable position of exercising our constitutionally-mandated duties in a rush. Jeffers' appeal is entitled to thorough consideration by this court. We cannot conduct a reasoned and careful review in a few hours.
 
 
 6
 Jeffers contends with considerable force that he is in an impossible position: he was arguably denied effective assistance of counsel in his trial, sentencing and direct appeal, and he has never had counsel who were able to raise that issue because his counsel on collateral review were the same as his counsel at trial and on direct appeal. He has a serious claim of being in the position that we said in Deutscher v. Angelone, 16 F.3d 981 (9th Cir.1994), "should not be duplicated"--"the unusual situation in which ineffective counsel represented a defendant not merely at trial and on appeal, but also during collateral attack." Id. at 984.
 
 
 7
 Jeffers' claim, that he is constitutionally entitled to raise in collateral proceedings his claim of ineffective assistance of counsel at trial, is unquestionably an important constitutional issue. As the State of Arizona recognizes in its opposition to stay, the Supreme Court in Coleman v. Thompson, 501 U.S. 722, 752-54, 111 S.Ct. 2546, 2566-67, 115 L.Ed.2d 640 (1991), left open the question whether a constitutional right to counsel in collateral proceedings might exist when those proceedings present the first opportunity to raise the issue of ineffective assistance at trial. The State contends, however, that our circuit answered this question against Jeffers' position in Bonin v. Vasquez, 999 F.2d 425 (9th Cir.1993). We conclude that Bonin does not control this case.
 
 
 8
 In Bonin, the habeas petitioner challenged two state convictions; he sought to add six new claims from one case and four new claims from the other. The focus of the entire discussion in Bonin was on the fact that the petitioner had failed to raise these claims promptly at the first habeas proceeding. The claims were therefore defaulted unless there was "cause" for the failure to raise them promptly at first habeas. Counsel asked for appointment of new, conflict-free counsel who could pursue the contention that the "cause" for failure to raise the claims at first habeas was ineffective assistance of counsel at that, first habeas stage. Bonin rejected the application. It held that there was no need to appoint new, conflict-free counsel because, even if it were proven that counsel had been ineffective at the first habeas stage, that fact would not constitute "cause" because there was no right to counsel at first habeas in any event.
 
 
 9
 Bonin also made the point that "Bonin never contended before the district court that counsel's ineffectiveness on direct appeal itself may have been the "cause" for failure to raise the six new claims at an earlier date." Bonin, 999 F.2d at 431. If Bonin was trying to make that assertion in his appeal in the first instance, we could not consider it because it was not presented to the district court. Id.
 
 
 10
 Jeffers, however, asserts that there was ineffective assistance of counsel at the trial and direct appeal stages. The reason he asks for appointment of conflict-free counsel is not, as it was in Bonin, to explore the possibility that counsel was ineffective at the first habeas stage. If that were the claim, Bonin would prevent relief. Jeffers seeks conflict-free counsel to explore ineffective assistance of counsel at trial and on direct appeal. At those stages, there is a constitutional right to counsel, and proof of ineffectiveness would raise a cognizable habeas claim. Thus granting relief to Jeffers would not start an endless chain of permissible habeas relief, as the court feared in Bonin. There is a right to one, conflict-free set of counsel to pursue the claim that prior counsel were ineffective at trial, sentencing and on direct appeal. After that, there is no more. To the extent that the "endless chain" example in Bonin may be interpreted to speak to Jeffers' situation, it is dictum; the request in Bonin was for counsel to explore ineffectiveness at the first habeas stage.
 
 
 11
 Jeffers, then, has raised a very serious constitutional question, recognized as open by the Supreme Court in Coleman, supra. He also has, at this federal stage of the proceedings, important statutory rights to counsel, the invocation of which might make it possible for this court to avoid the difficult constitutional question Jeffers presents. Congress has provided that:
 
 
 12
 In any post conviction proceeding under section 2254 ... seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert or other reasonably necessary services shall be entitled to the appointment of one or more attorneys [in accordance with this section].
 
 
 13
 21 U.S.C. Sec. 848(q)(4)(B). District courts are also authorized to appoint counsel when the "interests of justice" so require. 18 U.S.C. Sec. 3006A(a)(2). We have held that appointment is required in the interests of justice in complex habeas death penalty cases. Chaney v. Lewis, 801 F.2d 1191 (9th Cir.1986). Indeed, we have long recognized a nonstatutory right to appoint counsel for indigent habeas petitioners when our review of the record suggested that they could not adequately present their own cases. Anderson v. Heinze, 258 F.2d 479 (9th Cir.1958).
 
 
 14
 Certainly Congress's and our insistence on adequate representation in federal habeas proceedings encompasses a requirement of counsel who are not disabled by conflict of interest from raising a colorable claim of ineffective assistance at trial. Jeffers' present counsel do not qualify. Nor is Jeffers, isolated on death row, in a position to investigate, evaluate, and present his claim of ineffective assistance of counsel by himself. If examination of Jeffers' claim proves it to be substantial, statutory authority exists for appointment of conflict-free counsel whether or not they are constitutionally required.
 
 
 15
 The district court, in denying relief, held that Jeffers had shown no "cause" for failing to assert his request for conflict-free counsel in his first petition. The district court also relied on authority that a federal court may decline to reach the merits of a claim presented at the last minute before a scheduled execution. See Gomez v. United States Dist. Court, 503 U.S. 653, 654, 112 S.Ct. 1652, 1653, 118 L.Ed.2d 293 (1992); McKenzie v. Day, 57 F.3d 1461, 1464 (9th Cir.1995). But Jeffers did not present his request for conflict-free counsel in his first habeas petition because his trial counsel or counsel who had been associated with his trial counsel were representing him in that first collateral proceeding. They were intimately familiar with the trial issues that they were raising collaterally; Jeffers could not be expected to dispense with their services in order to pursue one additional claim of ineffective assistance of counsel. He also could not be expected to foresee that if he did not remove his counsel, he would thereby foreclose himself forever from raising a claim of ineffective assistance at trial.
 
 
 16
 Finally, Jeffers cannot be faulted for bringing a last-minute appeal. He filed his first federal habeas petition in December 1983. That proceeding went through three-judge panels of this court twice, the Supreme Court once (not counting the final denial of certiorari), and an en banc court once. See Jeffers v. Ricketts, 832 F.2d 476 (9th Cir.1987), rev'd, 497 U.S. 764, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990), 5 F.3d 1199 (9th Cir.1992), rev'd 38 F.3d 411 (9th Cir.1994) (en banc), cert. denied, --- U.S. ----, 115 S.Ct. 1709, 131 L.Ed.2d 570 (1995). Thus, Jeffers' first federal habeas petition was not finally disposed of until the Supreme Court denied certiorari in April 1995! During the twelve-year pendency of this petition, Jeffers could not have been expected to pursue a claim for the appointment of conflict-free counsel to explore the claim of ineffective assistance. His federal petition was proceeding, and during much of the period it was proceeding favorably to him. With relief on his first petition a distinct possibility, Jeffers could never have established the "prejudice" prong of his ineffective assistance claim. See Strickland, 466 U.S. 668, 691-92, 104 S.Ct. 2052, 2066-67, 80 L.Ed.2d 674 (1984). Within a few weeks after the final disposition of his first federal habeas petition in April 1995, Jeffers petitioned the state court for appointment of conflict-free counsel. The Arizona Supreme Court did not dispose of that petition until today. Jeffers did not hold back on his claim, waiting to assert it at the last minute before execution. In fact, Jeffers filed his petition in May 1995, two months before the Arizona Supreme Court issued a new warrant for his execution. From 1983 until 1995, it was not feasible or reasonable for him to assert his claim. He should not be penalized for raising it now, as expeditiously as he could after his first federal habeas petition.
 
 
 17
 We therefore stay Jeffers' execution so that we may hear his appeal. A briefing schedule will be established by separate order.
 
 
 18
 EXECUTION STAYED.
 
 
 19
 WILSON, District Judge, respectfully dissents from this order.
 
 
 
 *
 The Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation