129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ary Allen SINN, Petitioner-Appellant,
v.
John RATELLE, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 96-55773.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 20, 1997**
Nov. 4, 1997.
 
 Appeal from the United States District Court for the Central District of California, CV-96-55773; Terry J. Hatter, Jr., District Judge, Presiding.
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gary Allen Sinn, a California state prisoner, appeals the district court's dismissal of his second 28 U.S.C. § 2254 petition challenging his conviction for first degree murder. We review for an abuse of discretion the district court's refusal to review abusive or successive claims. See Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.[1]
 
 
 3
 Sinn contends that the claims raised in his second petition are not an abuse of the writ because he did not effectively authorize his attorney to file his first petition. We disagree.
 
 
 4
 If an attorney files a prisoner's first habeas corpus petition without the prisoner's authorization, the second petition may be considered a first petition. See Deutscher v. Angelone, 16 F.3d 981, 983 (9th Cir.1994). Here, Sinn authorized his first petition by signing and verifying it. See Nevius v. Sumner, 105 F.3d 453, 458-59 (9th Cir.1996). Moreover, Sinn's authorization was effective despite his attorney's inability to argue that he had provided ineffective assistance during Sinn's direct appeal, and his failure to warn Sinn that claims not raised in the first petition would be defaulted. See id. at 459-60.
 
 
 5
 Next, Sinn contends that he has demonstrated cause excusing his abuse of the writ due to his attorney's ineffective assistance on direct appeal and his inability to raise the issue of that ineffectiveness in the first habeas petition. We have previously rejected these same arguments. See Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir.) (rejecting argument that cause existed because prisoner was represented by the same ineffective counsel on direct appeal and first federal habeas petition), cert. denied, 16 S.Ct. 980 (1996); Moran v. McDaniel, 80 F.3d 1261, 1271 (9th Cir.1996) (same).
 
 
 6
 Sinn also contends that he has demonstrated cause by virtue of his attorney's failure to disclose his involvement in state bar disciplinary proceedings that ultimately lead to his disbarment. However, this failure by Sinn's attorney does not constitute cause because the alleged conflict did not exist until more than nine months after Sinn's first petition was filed. See McCleskey v. Zant, 499 U.S. 467, 494-95 (1991).
 
 
 7
 One of Sinn's claims, the denial of his right to testify in his criminal trial, was raised and rejected in his first petition. Sinn has failed to show any basis for reconsideration of this claim. See Campbell, 997 F.2d at 524.
 
 
 8
 Finally, Sinn argues that the district court should have reviewed his habeas corpus petition on the merits in order to avoid a fundamental miscarriage of justice. This contention lacks merit because Sinn has failed to demonstrate "a constitutional violation [that] probably has caused the conviction of one innocent of the crime." See McCleskey, 499 U.S. at 494.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Sinn's claims are arguable, we grant his request for a certificate of probable cause. See Barefoot v. Estelle, 463 U.S. 880, 893 & n. 4 (1983)