# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 17, 2012

Lyle W. Cayce
Clerk

No. 11-10989
Summary Calendar

SHELBY WAYNE FIFE,

Plaintiff - Appellant

v.

NFN HENSLEY, Health and Medical Administrator; SHANE MARTINEZ, Health and Medical Administrator; BEN LUONG, Physician-Medical Director, Preston E. Smith Unit,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CV-203

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Shelby Wayne Fife, Texas prisoner # 1039740, appeals the district court's denying his motion for relief from judgment, in which he relies on Federal Rules of Civil Procedure 9(b), 60(b)(3), 60(b)(6), and 60(d)(3). In December 2007, the district court granted summary judgment for defendants in Fife's underlying *pro se* proceeding under 42 U.S.C. § 1983. Our court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affirmed in February 2009. *Fife v. Hensley,* No. 08-10062, 2009 WL 348823 (5th Cir. 12 Feb. 2009) (unpublished). The post-judgment motion at issue was filed in September 2011.

Fife's reliance on Federal Rule of Civil Procedure 9(b) is misplaced; that rule requires a claim of fraud or mistake to be plead with particularity. Although an action may be dismissed for failure to state a claim if the pleading does not comply with this rule, it does not provide an independent basis to grant a post-judgment motion such as Fife's. *E.g.*, *United States ex rel. Williams v. Bell Helicopter Textron, Inc.,* 417 F.3d 450, 453-54 (5th Cir. 2005) (affirming dismissal of complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim because complaint did not meet heightened pleading standard of Rule 9(b)).

Denials of Rule 60(b) motions are reviewed for abuse of discretion. *E.g.*, *Matter of Ta Chi Navigation (Panama) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir. 1984). A Rule 60(b)(3) motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding"; and a Rule 60(b)(6) motion must be made "within a reasonable time". FED. R. CIV. P. 60(c)(1).

Rule 60(b)(3) allows relief from a judgment to be granted on the basis of fraud, misrepresentation, or misconduct by the opposing party. Fife contends Dr. Luong created false records and attempted to defraud the court regarding his treatment of Fife and the nature of his claims. Because Fife's Rule 60(b)(3) motion was filed more than one year after the entry of judgment, it is untimely. FED. R. CIV. P. 60(c)(1).

Fife also relies on Rule 60(d)(3), which states that Rule 60 does not limit a court's power to set aside a judgment for fraud on the court. A motion under Rule 60(d)(3), however, requires a higher level of misconduct, such as "an unconscionable plan or scheme which is designed to improperly influence the court in its decision". *Wilson v. Johns-Manville Sales Corp.,* 873 F.2d 869, 872 (5th Cir. 1989) (citation omitted). Because Rule 60(d)(3) is without time limitation, "only the most egregious misconduct . . . will constitute fraud on the

court". *Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir. 2009) (*quoting Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). Fife asserts that subsequent medical reports from other prison doctors and an outside physician establish Dr. Luong's fraud. These reports instead demonstrate a disagreement over medical treatment, and do not show that Dr. Luong engaged in an "unconscionable plan or scheme" to defraud the court. *Id.*

Rule 60(b)(6) provides that a court may grant relief for "any other reason that justifies relief"; however, "[t]he reason for relief . . . cannot be the reason for relief sought under another subsection of 60(b)". *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005). Thus, to the extent Fife contends Dr. Luong's alleged fraud justifies relief under Rule 60(b)(6), this contention is unavailing. *E.g.*, *id.* To the extent he contends the district court's failure to appoint counsel or an independent medical expert justifies relief under Rule 60(b)(6), Fife has not shown this claim was raised "within a reasonable time". FED. R. CIV. P. 60(c)(1).

AFFIRMED.