**Douglas Edward GRETZLER, Petitioner–Appellant,**

v.

**Terry L. STEWART, Director of the Arizona Department of Corrections, et al., Respondents–Appellees.**

Nos. 98–80394, 98–99019.

United States Court of Appeals, Ninth Circuit.

Submitted June 3, 1998.

Decided June 3, 1998.

Cary Sandman, Waterfall, Economidis, Caldwell, Hanshaw & Villamana, P.C., Tucson, Arizona, for the petitioner-appellant.

Paul J. McMurdie, Chief Counsel, Criminal Appeals Section for the State of Arizona, Phoenix, Arizona, for the respondents-appellees.

Before: SCHROEDER, FARRIS, and PREGERSON, Circuit Judges.

Order; Dissent by Judge PREGERSON.

Douglas Edward Gretzler seeks to appeal the district court's denial of his second petition for habeas corpus relief under 28 U.S.C. § 2254 and the denial of his application for stay of his execution scheduled for 3:00 p.m., Wednesday, June 3, 1998. We grant his motion for a Certificate of Appealability and deny the remaining motions as moot. The facts and procedural background are set forth in our disposition of the first petition. *See Gretzler v. Stewart,* 112 F.3d 992, (9th Cir.1997).

Gretzler here claims that his execution would be cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution because he has been on death row since 1975 and his execution would no longer serve any deterrent or retributive purpose. His claim is similar to the one we rejected in *Ceja v. Stewart,* 134 F.3d 1368 (9th Cir.1998), as barred by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(b)(3). In addition, Gretzler's prior § 2254 petition was amended

in 1992. Gretzler could have included this claim in that petition, when he had already been on death row 17 years. *See Stewart v. Martinez–Villareal,* —— U.S. ——, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (recognizing exception to AEDPA for claim that could not have been adjudicated in prior habeas petition). See also *Lackey v. Texas,* 514 U.S. 1045, 115 S.Ct. 1421, 131 L.Ed.2d 304 (1995) (Stevens, J. dissenting from denial of certiorari) where petitioner had been on death row 17 years. Although Gretzler contends that his claim was not ripe until his death warrant was signed, his case is unlike *Martinez–Villareal.* There the competency claim could not have been evaluated until execution was imminent. Here, Gretzler challenges his death sentence in light of the years on death row he has already served.

The district court's order dismissing the petition and denying the stay of execution is AFFIRMED.

PREGERSON, Circuit Judge, dissenting,

I would grant the stay and remand to the district court to consider the merits of the petition. *See Martinez–Villareal,* —— U.S. ——, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998).