**Darick Leonard GERLAUGH, Petitioner,**

v.

**Terry L. STEWART, et al., Respondents.**

**No. 99–CV–0210–PHX–RGS.**

United States District Court,
D. Arizona.

Feb. 2, 1999.

Martin Lieberman, Phoenix, AZ, Tonya McMath, Phoenix, AZ, for Petitione.

Janet Napolitano, Atty. Gen. by Pam McMurdie, Asst. Atty. Gen., Phoenix, AZ, for respondents.

## ORDER

STRAND, District Judge.

Petitioner is scheduled to be executed by the State of Arizona on February 3, 1999. On February 2, 1999, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (File doc. 1). Petitioner alleges that execution after almost 18 years on death row constitutes cruel and unusual punishment in violation of the Eighth Amendment. Respondents have filed a response and Petitioner has filed a reply. For the following reasons, Petitioner's petition is dismissed.

On July 26, 1988, after a period of abeyance, Petitioner filed a second amended petition for writ of habeas corpus in this Court. (Civ 85–01647–PHX–RGS, file doc. 101.) Ultimately, on July 11, 1995, this Court denied Petitioner's second amended petition for writ of habeas corpus and granted Respondents' motion for summary judgment. 898 F.Supp. 1388 (D.Ariz.1995)(file docs. 183, 184). The Ninth Circuit affirmed this Court's grant of summary judgment, 129 F.3d 1027 (9th Cir. 1997), and the Supreme Court denied certiorari, —— U.S. ——, 119 S.Ct. 237, 142 L.Ed.2d 195 (1998). Petitioner now seeks to file a successive petition.

On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which placed new limitations on claims sought to be raised in a second or successive petition. Title 28, section 2244(b) of the United States Code, as amended by the AEDPA, provides:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) The facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Pursuant to the Supreme Court's decision in *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), the amendments to section 2244(b) apply to habeas petitions filed after the AEDPA's enactment. Petitioner has not sought an order from the Ninth Circuit Court of Appeals authorizing this Court to consider Petitioner's application for writ of habeas corpus.

Petitioner alleges that his claim, which is based upon Justice Steven's memorandum respecting the denial of certiorari in *Lackey v. Texas*, 514 U.S. 1045, 115 S.Ct. 1421, 131 L.Ed.2d 304 (1995), falls outside the provisions of the AEDPA. He analogizes his *Lackey* claim to a competency to be executed claim as discussed in *Stewart v. Martinez–Villareal*, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998), arguing that the claim was not ripe for consideration until an execution warrant issued, his death was imminent and he had been a death row inmate for a substantial amount of time. Therefore, Petitioner asserts that the gatekeeping provisions related to successive petitions do not apply to his claim and he may proceed directly in this Court without first seeking permission to file in the Ninth Circuit.

Petitioner's argument must be rejected. The Ninth Circuit Court of Appeals has considered and rejected precisely the same argument in both *Ceja v. Stewart*, 134 F.3d

1368 (9th Cir.1998) and *Gretzler v. Stewart,* 146 F.3d 675 (9th Cir.1998). Petitioner has not alleged facts that differ from those presented in either *Ceja* or *Gretzler.* Petitioner has been on death row almost eighteen years, a period of time less than either Gretzler or Ceja. Petitioner's first petition for writ of habeas corpus was not denied in this Court until 1995. Like petitioners Ceja and Gretzler, Petitioner could have moved to amend his first petition prior to its denial by this Court. At the time the Court denied his first petition he had been on death row for approximately 14 years. *See McKenzie v. Day,* 57 F.3d 1461, 1464, n. 6 (9th Cir.)(noting that petitioner could have raised his *Lackey* claim by moving to amend his petition prior to his petition finally being resolved by the district court) *aff'd en banc,* 57 F.3d 1493 (9th Cir. 1995). Further, Petitioner cites no authority which stands for the proposition that execution after a certain number of years on death row is a violation of the Eighth Amendment.

Petitioner relies heavily on the dissents written by Judges Fletcher and Pregerson in *Ceja* and *Gretzler* to support his assertion that his *Lackey* claim falls outside the successive petition provisions of the AEDPA, however this Court is bound by current Ninth Circuit precedent on this issue. Therefore, this Court finds that it is without jurisdiction to review Petitioner's claim as it is a successive petition as defined by the AEDPA.

Accordingly,

IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus be dismissed and the request for evidentiary hearing is denied.

IT IS FURTHER ORDERED that the request for stay of execution is denied.

IT IS FURTHER ORDERED, on request of attorney for respondents, that the respondents' response lodged in 99–MC–0006–PHX–RGS, be transferred to and filed in 99–CV–0210–PHX–RGS.

IT IF FURTHER ORDERED that the Clerk of the Court make immediate telephonic notification of this Order to all counsel of record.