Ignacio Alberto ORTIZ, Petitioner–
Appellant,

v.

Terry STEWART, Director, Arizona
Department of Corrections, et
al., Respondents–Appellees.

No. 99–99027.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 25, 1999.

Filed Oct. 25, 1999.

Sean Bruner, Bruner & Upham, and Kelley J. Henry, Deputy Federal Public Defender, Tucson, Arizona, for petitioner-appellant.

Kent E. Cattani and Jack Roberts, Assistant United States Attorneys, Phoenix, Arizona, for respondents-appellees.

Before: D.W. NELSON, BRUNETTI, HAWKINS, Circuit Judges.

PER CURIAM.

Igancio Alberto Ortiz seeks a Certificate of Appealability and a Stay of Execution pursuant to 28 U.S.C. § 2253 permitting him to appeal the district court's order denying his Rule 60(b) motion. We conclude that a Certificate of Appealability and a Stay should not issue because Ortiz has not made the substantial showing required by 28 U.S.C. § 2253(c)(2) that he has been denied a constitutional right.

■ First, we agree with the district court that Ortiz's Rule 60(b) motion must be treated as a successive habeas petition and dismissed under the Antiterrorism and Effective Death Penalty Act ("AEDPA") because his ineffective assistance of counsel claim presented by the Rule 60(b) motion was previously raised and considered in his first habeas petition. *See* 28 U.S.C. § 2244(b)(1); *Thompson v. Calderon,* 151 F.3d 918, 920–21 (9th Cir.1998). Although this court has recognized in dicta that there may be exceptions under which Rule 60(b) motions are not properly treated as successive habeas petitions, *see Thompson,*

151 F.3d at 921 n. 3, Ortiz has not shown that such exception applies here.

■ Second, the district court correctly determined that even if dismissal is not mandated under 28 U.S.C. § 2244(b)(1), the Rule 60(b) motion must be denied on its merits. Relying on the exception to procedural default contained in 28 U.S.C. § 2264(a)(1), Ortiz contends that his failure to properly raise his ineffective assistance of sentencing counsel claim in state court resulted from Arizona's appointment of the same counsel for sentencing and post-conviction proceedings in violation of 28 U.S.C. § 2261(d), part of Chapter 154 of the ADEPA. According to Ortiz, Chapter 154 applies because Arizona has recently asserted that it is an opt-in state under the ADEPA.

Section 2261(a), part of Chapter 154, provides: "This chapter shall apply to cases arising under section 2254 brought by prisoners in State custody who are subject to a capital sentence. It shall apply only if the provisions of subsections (b) and (c) are satisfied." Subsection (b) applies, in turn, "if a State establishes ... a mechanism for the appointment, compensation, and payment of reasonable litigation expenses of competent counsel in State post-conviction proceedings brought by indigent prisoners whose capital convictions and sentences have been upheld on direct appeal ..." Here, the record indicates at most that Arizona has only recently established a mechanism for the appointment, compensation, and payment of post-conviction counsel as described in section 2261(b). Thus, Ortiz cannot claim that the appointment of his post-conviction counsel in 1983 was made pursuant to such a mechanism and his contention that Arizona violated section 2261(d) in appointing his post-conviction counsel must fail.

Section 2261(d) provides: "No counsel appointed pursuant to subsections (b) and (c) to represent a State prisoner under capital sentence shall have previously represented the prisoner at trial or on direct appeal in the case for which the appoint-ment is made unless the prisoner and counsel expressly request continued representation." Since Ortiz's post-conviction counsel could not have been appointed "pursuant to subsections (b) and (c)" because the mechanism envisioned in those subsections was not established by Arizona until recently, there is no violation of section 2261(d). Without a violation of section 2261(d), Ortiz cannot satisfy the default exception contained in section 2264(a)(1).

Accordingly, the request for a Certificate of Appealability and Stay are **DE-NIED**.