Kevin COOPER, Petitioner–Appellant,

v.

Arthur CALDERON, Warden of California State Prison at San Quentin, et al., Respondent–Appellee.

No. 98–99023.

United States Court of Appeals, Ninth Circuit.

Filed Dec. 21, 2001

Robert B. Amidon, Burbank, California, for the petitioner.

William M. McGuigan, Chula Vista, California, for the petitioner.

Bill Lockyer, Attorney General of the State of California, for the respondent.

David P. Drulinger, Chief Assistant Attorney General, for the respondent.

Gary W. Schons, Senior Assistant Attorney General, for the respondent.

Sara Gros–Cloren, Deputy Attorney General, for the respondent.

Frederick R. Millar, Jr., Deputy Attorney General, for the respondent.

Before: BROWNING, RYMER, and GOULD,* Circuit Judges.

PER CURIAM:

In 1985, Kevin Cooper was convicted of murder in the deaths of Douglas and Peggy Ryen, their ten-year-old daughter Jessica, and an eleven-year-old friend of the Ryen family, Christopher Hughes, and of the attempted murder of the Ryens' eight-year-old son Joshua, who survived the attack. The facts of the case are described in the opinion in our case No. 97–99030.

Cooper filed his first federal habeas petition in 1994. One individual, Calvin Booker, had purportedly confessed to the Ryen–Hughes murders and claimed that Kevin Cooper was innocent. In his first petition, Cooper claimed that trial counsel had been ineffective for failing to object to the untimely production of the Booker confession by the prosecutor. The district court denied Cooper's first petition in its entirety, and we denied Cooper's appeal on the merits. *See Cooper v. Calderon,* 255 F.3d 1104 (9th Cir.2001).

On April 30, 1998, Cooper filed this second federal habeas petition that raised only a new ineffective assistance claim. While Cooper's trial was underway, he learned of another purported confession. According to a statement from inmate Anthony Wisely, another inmate named Kevin Koon had confessed to the murders. After Cooper's counsel took one hour to read Wisely's statement, however, he proceeded with trial. Cooper now claims that trial counsel was ineffective for not adequately investigating the statement and for not calling Wisely to testify. The district

court dismissed the new petition as impermissibly successive under 28 U.S.C. § 2244(b)(1) and denied Cooper a certificate of appealability.

Cooper then filed a petition for a certificate of appealability in this court. The parties submitted supplemental briefing on the applicability of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to the appeal. The panel then issued an order to show cause why the petition should not be construed as a request for authorization to file a second or successive petition and denied.

## ANALYSIS

### I

■ We must first determine whether AEDPA applies to Cooper's new petition. In *United States v. Villa–Gonzalez,* 208 F.3d 1160, 1163–64 (9th Cir.2000), we held that AEDPA's provisions governing second or successive petitions apply to a new petition filed after the date of AEDPA's enactment, even if the original petition was filed before. Under *Villa–Gonzalez,* we must apply AEDPA to Cooper's new petition.

### II

■ Cooper argues that although his new petition was filed as a second habeas action, it is not a "second or successive" petition under 28 U.S.C. § 2244(b). This distinction is critical:

> AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive

---

* Judge Gould was drawn to replace Judge Wiggins. He has read the briefs and reviewed the record.

habeas corpus applications. If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. And if the prisoner asserts a claim that was *not* presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions.

*Tyler v. Cain,* 533 U.S. 656, 121 S.Ct. 2478, 2481–82, 150 L.Ed.2d 632 (2001) (emphasis in original, citation omitted). Generally, a new petition is "second or successive" if it raises claims that were or could have been adjudicated on their merits in an earlier petition. *See United States v. Orozco–Ramirez,* 211 F.3d 862, 867 (5th Cir.2000); *United States v. Barrett,* 178 F.3d 34, 45 (1st Cir.1999); *Vancleave v. Norris,* 150 F.3d 926, 928–29 (8th Cir.1998).

■ Because Cooper was aware of the factual predicate of this claim long ago and could have raised the claim in his first petition, his claim is "second or successive." Cooper argues, however, that this petition falls within certain limited exceptions where courts have construed new petitions as not being second or successive, and thus not affected by Section 2244(b). *See generally Barapind v. Reno,* 225 F.3d 1100, 1110–12 (9th Cir.2000); *Barrett,* 178 F.3d at 42–45. We reject these arguments.

### A.

■ Cooper first argues that his petition is not second or successive because he had not raised the Koon ineffective assistance claim in his first petition. Under AEDPA, however, this is irrelevant: a petition may be second or successive even if a claim "was not presented in a prior application[.]" 28 U.S.C. § 2244(b)(2).

### B.

Next, he argues alternatively that this petition is not second or successive because the claim *was* presented in his first petition, but the district court erroneously failed to decide it on its merits. He compares his case to *Stewart v. Martinez–Villareal,* 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998). There, the Supreme Court held that a subsequent petition that reasserted a dismissed claim was merely a continuation of his earlier application, so it was not "second or successive" under Section 2244(b):

> There was only one application for habeas relief, and the District Court ruled (or should have ruled) on each claim at the time it became ripe. Respondent was entitled to an adjudication of all the claims presented in his earlier, undoubtedly reviewable, application for federal habeas relief.

*Id.* at 643, 118 S.Ct. 1618. *See also Slack v. McDaniel,* 529 U.S. 473, 485–89, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that new petition that repeated claims earlier dismissed without prejudice because they were unexhausted was not second or successive). We reject Cooper's argument.

Cooper only obliquely referred to the Koon confession in his first petition's claim of ineffective assistance of counsel. In his claim of ineffective assistance relating to the Booker confession, Cooper added that "Detective Eckley interviewed several persons in Vacaville [prison] who initially reported that several members of the White Aryan Brotherhood had killed a family in Chino Hills over a bad horse deal." Cooper now asserts that this sentence referred to Koon. This single sentence, however, was insufficient to identify that Cooper

was raising a distinct claim of ineffective assistance of trial counsel based on the Koon confession.[1]

Further, the lower court had denied each claim, including the Booker ineffective assistance claim that referred to "persons in Vacaville," on its merits and with prejudice. *See Vancleave,* 150 F.3d at 927–29 (distinguishing *Stewart* and holding that second petition was barred by Section 2244(b) because the first petition had been dismissed with prejudice on the merits). Consequently, unlike *Stewart,* Cooper is not merely reasserting a claim that the district court had earlier declined to consider on the merits.

### C.

Finally, Cooper argues that the claim is not second or successive because he raised it in his motions for reconsideration of the first petition, which the district court erroneously denied. After the district court denied the first petition, Cooper returned to state court to exhaust the Koon ineffective assistance claim. He then filed two motions in federal district court for reconsideration of the first petition that arguably raised an ineffective assistance claim relating to the Koon confession. The district court denied the motions because they were ambiguous.[2] Even assuming that the district court misconstrued his motions for reconsideration, however, Cooper did not appeal the denial of these motions.

Further, he did not demonstrate any circumstances to justify a motion for reconsideration, such as a manifest error of law, newly discovered evidence, an intervening change in the law, or any other extraordinary circumstance. *See McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir.1999). Rather, he used the motions as a vehicle to bring a new claim that could have been raised earlier if timely exhausted. Consequently, the motions were the functional equivalents of a new, second or successive petition. *See Thompson v. Calderon,* 151 F.3d 918 (9th Cir.1998) (en banc) (construing Rule 60(b) motion that asserted new claim for relief as successive habeas petition); 28 U.S.C. § 2244(b). Cooper was not denied the opportunity to litigate a claim that had been properly presented.

### III

 The district court correctly recognized that Cooper's petition was "second or successive" under Section 2244(b). Once it did so, however, it lacked jurisdiction to consider the merits of his petition. *See United States v. Allen,* 157 F.3d 661, 664 (9th Cir.1998); 28 U.S.C. § 2244(b)(4). "When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." *Libby v. Magnusson,* 177 F.3d 43, 45 (1st Cir.1999). We therefore vacate the district court's orders dismissing the petition and denying a certificate of

---

**1.** Elsewhere in his 475–page petition, Cooper also asserted that *appellate* counsel had been ineffective for not raising certain claims on direct appeal, including trial counsel's failure to object to the untimely production of "a confession [sic]" by "Calvin Booker and Kenneth Koons [sic]."

**2.** The motions asked for reconsideration of the "Koon statement claim." This was the same name that counsel had used for an earlier claim raised under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The district court denied the motions as seeking to re-litigate the *Brady* claim.

appealability. However, we construe Cooper's request for a certificate of appealability as a request for authorization to file a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A). *Cf. Libby*, 177 F.3d at 46 ("no useful purpose would be served by forcing the petitioner to retreat to square one and wend his way anew through the jurisdictional maze").

Under AEDPA, this court may grant permission to file a second or successive petition only if "the application makes a prima facie showing that the application satisfies the requirements of [Section 2244(b)]." 28 U.S.C. § 2244(b)(3)(C). Accordingly, because Cooper's successive petition raises a new claim, we must deny him authorization unless the claim falls within a recognized exception:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

■ Cooper does not rely on a new rule of constitutional law, nor does he present any newly discovered evidence. The Koon statement was presented to Cooper's trial counsel during trial and Cooper does not claim he recently became aware of trial counsel's failure to investigate it. Because Cooper fails to make a prima facie showing that he meets the requirements of Section 2244(b)(2), we deny Cooper's request for permission to file a second or successive petition.[3]

## CONCLUSION

Accordingly, we VACATE the district court's order denying Cooper a certificate of appealability and DENY Cooper's motion for leave to file a second or successive petition.

---

**3.** The state also argues the new petition is untimely under AEDPA. Because Cooper's conviction became final before the passage of AEDPA, this statute of limitations for filing a habeas petition expired on April 23, 1997. *See Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999). After the parties submitted their original and supplemental briefs, the Supreme Court held that this limitations period is not tolled while a federal petition is pending. *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Consequently, absent equitable tolling, Cooper's petition would be untimely. As we deny Cooper's request on its merits, however, we find it unnecessary to remand this issue for a finding on equitable tolling.