Kevin **COOPER**, Petitioner–Appellant,

v.

Arthur **CALDERON**, Warden of California State Prison at San Quentin, et al., Respondent–Appellee.

No. 98–99023.

United States Court of Appeals, Ninth Circuit.

Oct. 18, 2002.

As Amended Nov. 13, 2002.

Before BROWNING, RYMER, and GOULD, Circuit Judges.

### ORDER

Judges Rymer and Gould vote to dismiss the petition for rehearing and rehearing en banc to the extent that the petition for rehearing and rehearing en banc requests reconsideration of the denial of authorization to file a second or successive application, and to deny the petition to the extent that it requests reconsideration of whether his petition is a second or successive petition under 28 U.S.C. § 2244(b). Judge Browning votes to grant the petition for rehearing and makes no recommendation whether the case should be reheard en banc. He dissents from the order, which we enter for the reasons that follow. The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on the petition. Fed. R. App. P. 35.

■ First, we held that Cooper's petition is a second or successive petition under 28 U.S.C. § 2244(b), and that he may not proceed with it. *Cooper v. Calderon,* 274 F.3d 1270, 1275 (9th Cir.2001). Therefore, we must dismiss Cooper's petition for rehearing, because denial of authorization by a court of appeals to file a second or successive application "shall not be the subject of a petition for rehearing." 28 U.S.C. § 2244(b)(3)(E). The statute is plain on its face, and the parties plainly are precluded from seeking a rehearing. Cooper had no right to file it, and we have no right to consider it.[1]

■ Second, to the extent that we are not required to dismiss the petition for rehearing, reconsideration is not indicated. No substantial denial of a constitutional right has been shown.[2] Cooper argues that he adequately raised a claim that counsel was ineffective in failing to investigate a statement by a Vacaville Prison inmate named Kenneth Koon implicating

1. While an en banc panel may sua sponte "reconsider" such a denial, *see Thompson v. Calderon,* 151 F.3d 918 (9th Cir.1998), we are not an en banc panel, nor do we believe it is appropriate to reconsider our prior ruling on this basis in this case.

2. When a district court has relied on a procedural ground to dismiss a claim, we may only grant a Certificate of Appealability (COA) if the underlying constitutional claim is arguable. *Slack v. McDaniel,* 529 U.S. 473, 484–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Here, the district court rejected Cooper's second petition on three grounds: (1) as a reconsideration of the court's prior order denying Cooper's first habeas petition, it was untimely; (2) the court had already addressed the merits of the "Koon statement" claim in its order denying Cooper's first habeas petition; and (3) as a successive petition, the court was required to dismiss it as a successive petition. The court also declined to issue a COA with respect to its order dismissing the second petition as he had failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

himself in the murders for which Cooper was convicted, but that the district court failed to rule on it. To the extent that Cooper *did* sufficiently raise the Koon ineffective assistance of counsel claim during his first habeas action-and to the extent that the district court failed explicitly to decide it-the claim necessarily fails for the same reason that the Koon *Brady*[3] claim (which undeniably was raised) failed. The district court held that the *Brady* claim failed because there was no reasonable probability that the result of the proceeding would have been different. By definition, this forecloses a determination that the prejudice prong of *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), can be met. Thus, assuming that the issue was raised, the district court *has* decided it. And would necessarily—and correctly—so rule again.[4]

To the extent that the issue was *not* raised in the first petition, it clearly could and should have been as Cooper has known about the facts giving rise to ineffectiveness (because they are the same facts giving rise to the *Brady* claim) since his trial in *1985.*

Finally, Cooper suggests that the district court should have considered a Koon confession claim that he raised by way of a Rule 59(e) motion. We disagree. Nothing presented after the district court's decision denying Cooper's first petition by way of a motion to reconsider could possibly be timely. Nor would it be a timely request for leave to amend that petition, because if the ineffective assistance claim were in the petition, there was no need to amend to include it and if it weren't in the petition, there is no reason why it couldn't have been.

Accordingly, the petition for rehearing and for rehearing en banc is dismissed to the extent that it requests reconsideration of the denial of authorization to file a second or successive application, and is denied to the extent that it requests reconsideration of whether the petition is a second or successive petition.

BROWNING, Circuit Judge, dissenting.

I respectfully dissent from the denial of rehearing. Although I joined in the panel's per curiam opinion published at 274 F.3d 1270, I would grant rehearing based on further consideration of the record.[1] Kevin Cooper may be executed without any court considering the merits of colorable evidence that another individual, Kenneth Koon, confessed to the murders. This result is not compelled by AEDPA's restrictions on "second or successive" habeas petitions. Because Cooper's current habeas petition merely reasserts a claim that he raised in the first habeas petition but was never adjudicated, I do not believe that it should be barred as second or successive.

Cooper's first habeas petition was regrettably vague. It alleged that trial counsel had been ineffective for failing to investigate a purported confession by Calvin Booker, and another purported confession by unspecified "persons in Vacaville." After reexamining the record, I believe

---

**3.** *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

**4.** We explained why in our opinion on Cooper's first habeas petition, *Cooper v. Calderon,* 255 F.3d 1104, 1109–1110, 1114–15 (Gould, J. concurring) (9th Cir.2001).

**1.** The panel has the authority to grant rehearing. 28 U.S.C. § 2244(b)(3)(E) generally prohibits petitions for rehearing from the denial of applications to file second or successive

habeas petitions. However, where there is a good-faith dispute as to whether a petition is actually "second or successive," the petitioner should be able to file a petition for rehearing on that antecedent question. *Cf. Stewart v. Martinez–Villareal,* 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998). Alternatively, the panel may grant rehearing sua sponte to correct its own errors. *See Thompson v. Calderon,* 151 F.3d 918, 922 (9th Cir.1998) (en banc) (citing *Triestman v. United States,* 124 F.3d 361, 367 (2d Cir.1997)).

that Cooper made it sufficiently clear through other briefs and affidavits that the latter referred to a purported confession by Kenneth Koon to informant Anthony Wisely, both inmates of Vacaville prison. The panel opinion is predicated on a mistaken assumption that the Koon ineffective assistance claim was not raised in Cooper's first petition. Although the claim was not presented as clearly as it should have been, it was asserted.

Cooper took steps that would have clarified his first petition. However, the district court denied Cooper's requests for subpoenas regarding the Koon confession, denied Cooper's request for additional time to investigate the Koon ineffective assistance claim, denied Cooper's request to have his petition held in abeyance while he exhausted this claim in state court, and then denied Cooper's first petition on the merits without addressing this claim. Cooper nonetheless promptly returned to state court to exhaust this claim and then filed a motion for reconsideration that sought (inartfully) to present the claim more specifically.[2] Cooper's current habeas petition presents the Koon ineffective assistance claim once again, but with greater clarity.

As the panel's opinion notes, AEDPA places strict limitations on "second or successive" habeas petitions. However, AEDPA does not define this term, and we have repeatedly noted that not all numerically successive petitions are subject to these limitations. *See Hill v. Alaska,* 297 F.3d 895, 898 (9th Cir.2002) ("That a prisoner has previously filed a federal habeas petition does not necessarily render a subsequent petition 'second or successive.' ");

*see also Crouch v. Norris,* 251 F.3d 720, 723 (8th Cir.2001) ("AEDPA fails to define what constitutes a 'second or successive' application. Courts considering the construction of § 2244(b) have uniformly rejected a literal reading."). To determine whether a petition is barred as "second or successive," we look for guidance to whether the petition would have been an abuse of the writ under pre-AEDPA case law. *Barapind v. Reno,* 225 F.3d 1100, 1111–12 (9th Cir.2000); *see also Slack v. McDaniel,* 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) ("The phrase 'second or successive petition' is a term of art given substance in our prior habeas corpus cases."); *Muniz v. United States,* 236 F.3d 122, 127 (2d Cir.2001) ("We therefore answer the question of whether a petition is 'second or successive' with reference to the equitable principles underlying the 'abuse of the writ' doctrine."); *United States v. Barrett,* 178 F.3d 34, 44 (1st Cir.1999).

Cooper's current petition would not be second or successive under the pre-AEDPA interpretation of the phrase. According to Rule 9(b) of the Rules Governing Habeas Corpus Cases under Section 2254, a petition is "second or successive" only if its claims were raised in a prior petition and were determined on the merits, or if its claims were not raised in a prior petition and the petitioner's failure to assert the claims earlier constitutes an abuse of the writ. Neither situation applies where, as here, a claim was asserted in the first petition—however vaguely—but was never considered on the merits. *Cf. Benton v. Washington,* 106 F.3d 162, 164 (7th Cir. 1996) ("[T]he filing and rejection of a peti-

---

**2.** Cooper's motion for reconsideration itself referred only vaguely to a "Koon statement" claim. However, Cooper simultaneously lodged with the district court a state habeas petition that presented the legal and evidentiary basis of the ineffective assistance claim in detail, making it clear that Cooper was referring to an ineffective assistance claim, not the separate claim under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

tion as unintelligible or poorly developed does not make the filing of an enlarged specification a 'second or successive' petition; it is better to think of the process as one of filing, rejection, and amendment."); *Deutscher v. Angelone,* 16 F.3d 981, 983–84 (9th Cir.1994) ("It cannot fairly be said that Deutscher is raising a new claim at the eleventh hour. . . . There is no reason why Deutscher should be sent to his death without a mitigation hearing because a claim he properly brought before the court was not acted upon.").

Likewise, Cooper's petition is not second or successive under AEDPA. In *Stewart v. Martinez–Villareal,* 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998), the Supreme Court held that a second habeas petition that merely reasserted an earlier claim that had been dismissed as premature was not barred as a second or successive petition:

> There was only one application for habeas relief, and the District Court ruled (or should have ruled) on each claim at the time it became ripe. Respondent was entitled to an adjudication of all of the claims presented in his earlier, undoubtedly reviewable, application for federal habeas relief.

*Id.* at 643, 118 S.Ct. 1618. *See also Slack,* 529 U.S. at 482–489, 120 S.Ct. 1595 (holding that a second habeas petition that resubmitted claims after the first petition was dismissed as unexhausted was not second or successive).

The equitable principles underlying the abuse of the writ doctrine favor considering the claim. Cooper's counsel inarticulately asserted the claim in Cooper's first petition, but took prompt (if not entirely effective) steps to clarify the petition. Cooper's attorneys were apparently overwhelmed by the scope of Cooper's habeas petition (comprising 475 pages and over 100 claims) and the limited time to prepare it.

The claim itself raises a colorable ground for relief. Trial counsel has a duty to conduct a reasonable investigation into evidence that another individual committed the crime. *See, e.g., Rios v. Rocha,* 299 F.3d 796, 805 (9th Cir.2002) ("The failure to investigate is especially egregious when a defense attorney fails to consider potentially exculpatory evidence."); *Avila v. Galaza,* 297 F.3d 911, 917–924 (9th Cir.2002). When trial counsel learned of the purported confession midway through trial, he continued with trial after spending only one hour reviewing the police reports of the alleged confession.

Several circumstances corroborate the confession. First, Koon admitted that he was the boyfriend of Diana Roper, the woman who gave police a pair of bloody coveralls that she believed were connected to the murders.[3] Second, Koon also purportedly told Wisely that he committed the murders with two other members of the Aryan Brotherhood: this evidence of multiple assailants was contrary to the prosecution's theory that Cooper (who is black) acted alone, but consistent with evidence that the victims had wounds from three separate weapons, witnesses who saw several men speeding in the Ryen family station wagon the night of the murders, and survivor Joshua Ryen's belief that three or

---

**3.** Roper never explained the basis for her understanding that the cover-alls were related to the Ryen/Hughes murders. Her father told a deputy sheriff that Roper had a vision that the coveralls were connected to the crime. However, Roper herself merely told the deputy that she had additional information about the murders that she would explain to homicide investigators. The homicide investigators never contacted her to follow up on this lead—even though Roper's boyfriend had purportedly confessed to the crime, and even though the deputy sheriff testified that Roper had been a reliable source in a previous case.

four white or Hispanic men were responsible for the attacks. Third, although Koon personally denied involvement in the murder when questioned by police, he admitted that the existence of the bloody coveralls was "kind of fishy" and that his friend Lee Farrell might have been involved in the murders. Fourth, informant Wisely's statement to investigators revealed knowledge of unannounced details, such as the identification of Diana Roper as Koon's "old lady" and of the fact that Roper had turned over incriminating evidence to the police.[4]

Cooper would face a difficult burden in proving that counsel's failure to investigate this evidence and present it at trial constitutes ineffective assistance under *Strickland*. However, this confession might have affected the jury's evaluation of reasonable doubt, even if it is far from airtight proof of Cooper's innocence. (The prosecution's case was not particularly strong—even without this evidence of Koon's alleged confession, the jury deliberated for seven days before finding Cooper guilty.) The claim is sufficiently colorable that it should at least be considered on the merits before Cooper is executed.

As Cooper's current petition is not barred as second or successive, I would grant rehearing, grant a certificate of appealability and remand for further consideration on the merits.[5]

---

4. Wisely stated that an accomplice had changed his coveralls at Roper's house after the murders, but mistakenly identified the incriminating evidence given to police as being a hatchet.

5. It appears that Cooper's second petition is timely when the statutory tolling period is calculated in accordance with *Carey v. Saffold*, —— U.S. ——, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) and *Bunney v. Mitchell*, 262 F.3d 973 (9th Cir.2001). Because the issue of statutory tolling has not been thoroughly briefed, I would ask the district court to resolve this question in the first instance.