**Brad WINKLER, Petitioner—Appellant,**

v.

**M.L. SMITH, Warden; Attorney General of the State of California, Respondents—Appellees.**

No. 01–55213.

D.C. No. CV–98–6235–NM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 5, 2002.

Fed. R.App. P. 34(a)(2).

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

Brad Winkler, a California state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Reviewing de novo, *see Lucky v. Calderon,* 86 F.3d 923, 925 (9th Cir.1996), we affirm.

Winkler admits that he knew, before he went to trial, the basic facts underlying the claim he now seeks to raise. Accordingly, he could have fully exhausted the claim in state court and included it in his first federal habeas petition. The district court thus correctly determined that Winkler's present petition is successive. *See Cooper v. Calderon,* 274 F.3d 1270, 1272, 1274 (9th Cir.2001) (per curiam) (holding that 28 U.S.C. § 2244's limitations on successive petitions apply when the first petition was filed prior to AEDPA and that a motion raising a claim "that could have been raised earlier if timely exhausted" was a successive petition), *petition for reh'g and reh'g en banc dismissed in part and denied in part,* 308 F.3d 1020, *amended by* 2002 WL 31510218, at *1 (9th Cir. Nov.13,

2002). The exception set forth in *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), does not apply because Winkler has already received one round of merits consideration from the federal courts. *Cf. Slack,* 529 U.S. at 485–88, 120 S.Ct. 1595 (holding that when a first petition is dismissed for failure to exhaust all or some of the claims, a subsequent petition is not second or successive); *Hill v. Alaska,* 297 F.3d 895, 899 (9th Cir.2002) (holding that a petition raising a claim that had been raised in two prior petitions should not be treated as successive because the prior petitions had been dismissed in total without any merits consideration). In addition, the exception set forth in *Stewart v. Martinez–Villareal,* 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998), does not apply because if Winkler had included his current claim in his prior petition, it would have been considered. *See Gretzler v. Stewart,* 146 F.3d 675, 675 (9th Cir.1998) (describing *Martinez–Villareal* as "recognizing exception to AEDPA for claim that could *not* have been adjudicated in prior habeas petition") (emphasis added).

This Court's comments in Winkler's prior case, which was filed prior to the enactment of AEDPA, do not constitute authorization for a successive petition. *See* 28 U.S.C. § 2244(b)(3)(C). Further, Winkler is not entitled to authorization for a successive petition because he does not rely on a new rule of constitutional law, and he admits that he knew the core facts underlying his evidence-tampering claim prior to trial. *See* 28 U.S.C. § 2244(b)(2).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.