**Dennis Leroy HAMILTON, Petitioner,**

v.

**A.C. NEWLAND, Warden, Respondent.**

No. 02–15972.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 2003.

Filed July 1, 2004.

Walter K. Pyle, Berkeley, CA, for the petitioner-appellant.

Gregory A. Ott, Deputy Attorney General, San Francisco, CA, for the respondent-appellee.

Before: SCHROEDER, Chief Judge, THOMAS, and CLIFTON, Circuit Judges.

SCHROEDER, Chief Judge:

Dennis Leroy Hamilton appeals the district court's denial of his motion under Federal Rule of Civil Procedure 60(b)(6) in which he sought relief from the district court's order denying his petition for habeas corpus, 28 U.S.C. § 2254. Although the motion was clearly styled as one pursuant to 60(b)(6), the district court treated the motion as a second or successive habeas petition that lacked the required approval of this court. 28 U.S.C. § 2244(b)(3)(A); *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th Cir.2001). It denied the motion on that basis.

Courts have struggled with the issue of when a Rule 60(b) motion brought by a habeas petitioner should be treated as a second or successive petition. Three schools of thought have emerged: some courts have decided that Rule 60(b) motions are never second or successive petitions; others have decided that they always are; and still others have taken a moderate approach that proceeds with a case by case examination of the relief sought in the Rule 60(b) motion. *See Rodwell v. Pepe,* 324 F.3d 66, 67, 69–71 (1st Cir.2003) (surveying cases from different circuits); *Harper v. Vaughn,* 272 F.Supp.2d 527, 531 (E.D.Pa.2003) (same). Because the Ninth Circuit has previously observed there should be no bright line rule that every 60(b) motion in a habeas corpus case is treated as a second or successive habeas petition, *Thompson v. Calderon,* 151 F.3d 918, 921 n. 3 (9th Cir.) (en banc), *cert. denied,* 524 U.S. 965, 119 S.Ct. 3, 141 L.Ed.2d 765 (1998), we are among those courts that have taken the moderate approach.

We conclude that in this case the district court should have treated Hamilton's motion solely as a 60(b)(6) motion and not as a second or successive petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). We nevertheless affirm the district court's order denying relief because, under traditional 60(b) analysis, Hamilton could not show any "extraordinary circumstance" necessary to qualify for 60(b)(6) relief.

Hamilton was convicted of two counts of murder and one count of attempted murder on the basis of events that occurred in 1984. In his original federal habeas petition filed in August of 1999, Hamilton claimed violations during his state court trial of his constitutional rights under the First, Fifth, Sixth, and Fourteenth Amendments to the United States Consti-

tution. He claimed: 1) that he was denied his right to a speedy trial, 2) that the prosecution failed to disclose evidence that would have allowed him to impeach prosecution witnesses, 3) that the trial court erred in denying use immunity to a co-defendant who would have given testimony exculpating him, 4) that he was denied the right to be present when the judge answered a question asked by the jury during deliberations, and 5) that he was denied effective assistance of counsel both at trial and on appeal.

The government invoked AEDPA's one year statute of limitations, 28 U.S.C. § 2244(d), because the petition had been filed more than a year after AEDPA became effective. The district court dismissed Hamilton's petition on that basis in March, 2000.

In April 2001, more than a year after the dismissal, Hamilton filed his Rule 60(b)(6) motion raising the same constitutional claims that he raised in his original petition, but adding a claim of "actual innocence." He contends that asserting the actual innocence claim constitutes an "extraordinary circumstance" required to obtain relief under Rule 60(b)(6).

■ Hamilton relies on two pieces of evidence to support his actual innocence claim. First, his co-defendant, Murray Lodge, signed a declaration that was attached to Hamilton's original habeas petition stating that Hamilton was not present during the murder. Second, in 1993, during the trial of another co-defendant, a state trial judge found that the police officers who had investigated the murder had committed perjury and manipulated evidence. Both these pieces of evidence, however, were available to Hamilton when he filed his 1999 habeas petition.

Nevertheless, Hamilton argues that merely raising a claim denoted as a claim of actual innocence in a 60(b)(6) motion is

an extraordinary circumstance requiring the district court to reconsider his original habeas claims. He does not, however, contend that his claim of actual innocence, supported only by the two pieces of previously available evidence, constitutes an independent basis for habeas relief. As he acknowledges, he asserted a claim of actual innocence only as a procedural device to avoid the statute of limitations and get the district court to reach the merits of the same constitutional claims he had raised in the original petition. It is for that reason that his motion should have been treated as a 60(b) motion, and not a second habeas petition.

Our case is therefore distinguishable from the cases relied on by the district court in which habeas petitioners raised for the first time in their Rule 60(b) motions new constitutional challenges to their state court convictions that they urged as independent bases for habeas relief. *See Cooper*, 274 F.3d at 1273–74 (treating a Rule 60(b) motion that raised a new ineffective assistance of counsel claim as a successive petition); *Thompson*, 151 F.3d at 921 (treating a Rule 60(b) motion that raised a new claim that the state failed to disclose exculpatory evidence as a successive petition).

Our case is also distinguishable from *Ortiz v. Stewart*, 195 F.3d 520 (9th Cir. 1999). There we denied a certificate of appealability in a capital case because the habeas petitioner's Rule 60(b) motion reasserted the same constitutional challenge that he had raised in his original habeas petition, but apparently without invoking any of the grounds enumerated in Rule 60(b) to justify having the district court reconsider its denial of habeas relief. Here we granted a certificate of appealability because Hamilton expressly invoked not only the Rule, but one of its enumerat-

ed grounds, to challenge the federal court's denial of habeas relief.

■ Rule 60(b) is the appropriate rule to invoke when one wishes a court to reconsider claims it has already decided. In this case Hamilton seeks to have the district court reconsider its prior ruling that AEDPA's statute of limitations, 28 U.S.C. § 2244(d), bars his claims. We therefore conclude that his motion should have been treated as a 60(b) motion and evaluated under the ordinary rules governing such motions.

A court may relieve a party from a final judgment for one of six reasons listed in Rule 60. Clauses (1) through (5) provide specific reasons for granting relief, while clause (6) acts as a catch-all allowing the court to grant relief for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). Clauses (1) through (3) cannot be raised more than one year after the entry of judgment, whereas clauses (4) through (6) must be brought "within a reasonable time." Fed. R.Civ.P. 60(b).

■ Hamilton brought his motion for reconsideration under Rule 60(b)(6), a provision this court has used "sparingly and as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993). A party is entitled to relief under Rule 60(b)(6) where "extraordinary circumstances prevented [him] from taking timely action to prevent or correct an erroneous judgment." *Greenawalt v. Stewart*, 105 F.3d 1268, 1273 (9th Cir.1997) (citations and quotation marks omitted); *see also Ackermann v. United States*, 340 U.S. 193, 200–02, 71 S.Ct. 209, 95 L.Ed. 207 (1950).

■ Here, there are no extraordinary circumstances. Hamilton attempts to have the district court consider evidence that was not available during his state court trial but that was available when he filed his federal habeas petition. His attempt comes too late. His delay in raising his actual innocence claim "may be attributable to inattention or inexperience but neither deficiency constitutes an 'extraordinary circumstance' that justifies Rule 60(b) relief." *Greenawalt*, 105 F.3d at 1273. There was no change of circumstances between the time when Hamilton filed his habeas petition and the time when he filed his 60(b) motion apart from his belated attempt to argue a legal theory he should have raised earlier.

The district court's denial of Hamilton's Rule 60(b) motion is AFFIRMED.