**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ronald W. HO, Defendant—Appellant.**

**No. 04–16511.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2006.*

Decided March 21, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**180**

Michael K. Kawahara, Esq., Office of the U.S. Attorney, Honolulu, HI, for Plaintiff—Appellee.

Ronald W. Ho, Safford, AZ, pro se.

Before: REINHARDT, NOONAN, and HAWKINS, Circuit Judges.

## MEMORANDUM **

In 1990, following a jury trial in the District of Hawaii, defendant-appellant Ronald W. Ho was convicted of multiple drug-related offenses and sentenced to 20 years in prison. Ho now appeals from the district court's denial of his 2003 motion requesting modification of his sentence under 18 U.S.C. § 3582(c)(2) and challenging his sentence on Sixth Amendment grounds.

Under 18 U.S.C. § 3582(c)(2), a district court may, in its discretion, modify a previously-imposed sentence if that sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Ho contends that he is eligible for relief under § 3582(c)(2) because his sentence was enhanced under USSG § 2D1.2 and because a subsequent Guidelines amendment ("Amendment 591") rendered § 2D1.2 inapplicable to Ho.

■ We are unpersuaded by this contention, however, because the record in this case overwhelmingly indicates that § 2D1.2 was not actually used to calculate Ho's sentence. First, there is nothing in the sentencing transcript to suggest that the sentencing judge applied § 2D1.2 in determining Ho's sentence. Indeed, had the sentencing court applied § 2D1.2, Ho's final offense level would have been 39—two levels higher than the offense level of 37 that was actually used. Moreover, section 2D1.2 applies only to a limited class of drug crimes that involve underage or pregnant individuals or that occur near certain "protected" locations, such as schools. *See* USSG § 2D1.2 (1989); 21 U.S.C. § 860(a). The record in this case clearly indicates that Ho's offense conduct did not implicate any of these factors.

Ho relies heavily on a notation in his Presentence Report that states: "Base Offense Level: The guideline for a 21 U.S.C. § 841(a)(1) offense is found in section 2D1.2(a)(3) of the guidelines." We are convinced, as was the district court, that this reference is a typographical error. It is section 2D1.1(a)(3)—not 2D1.2(a)(3)—that provides the Guidelines ranges for drug trafficking offenses under 21 U.S.C. § 841(a)(1), including the offense Ho was convicted of. Tellingly, an application of § 2D1.1(a)(3) to Ho's offense conduct yields a final offense level of 37—precisely the level calculated by the sentencing court.[1] We therefore conclude that Ho was not sentenced under § 2D1.2 and that the district court correctly denied Ho's request for relief under 18 U.S.C. § 3582(c)(2).

■ Ho also asserts that his sentence violates the Sixth Amendment because it was enhanced on the basis of facts found by the sentencing judge. These Sixth

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. This calculation includes a 3–level enhancement under USSG § 3B1.1(b) for Ho's role as a manager or supervisor in a criminal enterprise, an enhancement which is not in dispute on this appeal.

Amendment claims are unrelated to Ho's § 3582(c)(2) motion and must therefore be treated as a petition for habeas relief under 28 U.S.C. § 2255. This is Ho's fourth attempt to seek federal post-conviction relief and thus, under AEDPA, Ho was required to obtain a certification from this Court prior to proceeding with his habeas petition. *See* 28 U.S.C. § 2255. This Court, however, expressly refused to grant Ho the necessary certification and, as a result, both this Court and the district court lack jurisdiction to entertain Ho's Sixth Amendment claims. *See Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th Cir. 2001).[2]

The decision of the district court denying Ho's motion to modify his sentence under 18 U.S.C. § 3582(c)(2) is therefore AFFIRMED. Ho's remaining claims are DISMISSED.

---

2. Because Ho is proceeding *pro se*, we construe his pleadings liberally and we have therefore considered his briefing on appeal as including a renewed request for authorization to proceed with his Sixth Amendment habeas claims. Upon reviewing these claims, we find that they lack merit and we decline to certify them for any further habeas proceedings.

