Vladik **BYKOV**, Plaintiff—Appellant,

v.

**EACCELERATION CORP.**, doing business as www.Eacceleration.com doing business as www.stop-sign.com, Defendant—Appellee.

No. 06–36073.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 26, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

See also, 2005 WL 2573347 and 2006 WL 1169061.

Marie Renee Westermeier, Bennett Bigelow & Leedom, P.S., Seattle, WA, for Defendant–Appellee.

---

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Vladik Bykov appeals pro se from the district court's orders denying Bykov's motions to reopen his Americans with Disabilities Act case under Fed.R.Civ.P. 60(b)(6), and remove the judge who entered an order dismissing the action with prejudice. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion. *In re Focus Media, Inc.,* 378 F.3d 916, 929 (9th Cir.2004) (denial of a motion to remove); *Wilson v. City of San Jose,* 111 F.3d 688, 691 (9th Cir.1997) (denial of a motion to reopen). We affirm.

■ The district court properly denied Bykov's motion to remove Judge Leighton, because the motion was based solely on the court's allegedly improper discovery orders. *See In re Media Focus,* 378 F.3d at 930 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

■ The district court properly denied Bykov's motion to reopen the case because, having already stipulated to dismissal of the action with prejudice, he failed to demonstrate the extraordinary circumstances necessary for relief. *See Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1103 (9th Cir.2006) ("Rule [60(b)(6) ] is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.") (quotation marks

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and citations omitted); *Hamilton v. Newland,* 374 F.3d 822, 825 (9th Cir.2004) (holding that a plaintiff's inexperience, per se, does not justify reopening a case under Rule 60(b)(6)).

 We do not consider Bykov's contentions relating to the district court's discovery orders because we have no jurisdiction as to those orders. *See Maraziti v. Thorpe,* 52 F.3d 252, 254 (9th Cir.1995) ("[A]n appeal of a denial of a Rule 60(b) motion brings up for review only the denial of the motion, unless it is filed within ten days of the entry of the judgment.")

We deny Bykov's motion to supplement the record on appeal.

**AFFIRMED.**