**Reginald COOPER, Petitioner—Appellant,**

v.

**Tom L. CAREY, Respondent—Appellee.**

No. 07–55060.

United States Court of Appeals, Ninth Circuit.

Submitted March 3, 2009.\*

Filed March 11, 2009.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Reginald Cooper, California State Prison (Solano), Vacaville, CA, for Petitioner–Appellant.

Kyle S. Brodie, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: GOODWIN, FERNANDEZ and PAEZ, Circuit Judges.

## MEMORANDUM **

Reginald Cooper appeals the district court's order dismissing his habeas corpus petition as "second or successive." *See* 28 U.S.C. § 2244(b). We have jurisdiction

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

pursuant to 28 U.S.C. § 2253, and we affirm.

Cooper is currently incarcerated and serving a term of twenty-five years to life. On October 19, 1982, he pleaded guilty to charges of first degree murder, assault with a deadly weapon, and two counts of attempted robbery. He filed his first federal habeas corpus petition on September 4, 1997, which the district court dismissed with prejudice as untimely under the Antiterrorism and Effective Death Penalty Act of 1996. Cooper filed his current petition on March 11, 2005, alleging (1) that his trial counsel was ineffective for failing to properly advise him of the consequences of pleading guilty and (2) that the imposition of his sentence violated his due process rights. The district court dismissed the petition as "second or successive" under 28 U.S.C. § 2244(b)(1). Cooper obtained a certificate of appealability (COA) from this court on the issue of whether the district court erred in construing his petition as "second or successive" when his prior petition challenged his minimum eligible parole date and not his underlying conviction and sentence.

■ We have held that "a new petition is 'second or successive' if it raises claims that were *or could have been adjudicated on their merits* in an earlier petition." *Cooper v. Calderon,* 274 F.3d 1270, 1273 (9th Cir.2001) (emphasis added). Although Cooper challenged only the calculation of his minimum eligible parole date in his 1997 petition, nothing indicates that he could not have raised his ineffective assistance of counsel claim or challenged the constitutionality of his sentence in the same petition.

Cooper argues that the claims in his 2005 petition were not ripe when he filed his 1997 petition. Cooper asserts that his trial counsel was ineffective for representing to him that he would be released from prison in twelve and one-half years, and that this representation induced him to plead guilty. Cooper's argument that this issue was not ripe when he filed his 1997 petition because he was unaware that trial counsel had provided erroneous advice is unconvincing. Cooper should have been aware that trial counsel's representations were incorrect in approximately October 1995, twelve and one-half years after he was sentenced. Cooper's trial counsel also sent him a letter in January 1997 that clearly stated that any parole decision was the exclusive responsibility of the Board of Prison Terms. This letter, received approximately eight months before Cooper filed his first habeas petition, makes clear that any representations Cooper may have received from his trial counsel about his parole eligibility were incorrect. The facts necessary to determine whether Cooper's sentence was unauthorized existed at the time he was sentenced. Nothing indicates these issues were not fit for judicial resolution when Cooper filed his 1997 petition. *See Abbott Labs. v. Gardner,* 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

■ In briefing to this court, Cooper raises three claims that he did not present to the district court and that are outside the scope of the COA. He argues that (1) he has made a prima facie showing that he could not have discovered the ineffective assistance of counsel claim prior to filing his 1997 petition, and that if this claim was proven, it would establish constitutional error; (2) continued denials of parole based on the character of his crime may trigger review under *Rosas v. Nielsen,* 428 F.3d 1229 (9th Cir.2005); and (3) the district court should have held an evidentiary hearing to determine whether the details of his plea agreement entitle him to immediate parole. Cooper did not raise these claims in the district court and they are not cognizable on appeal. *Cacoperdo v.*

*Demosthenes,* 37 F.3d 504, 507 (9th Cir. 1994) (citing *King v. Rowland,* 977 F.2d 1354, 1357 (9th Cir.1992) ("Habeas claims that are not raised before the district court in the petition are not cognizable on appeal.")). Furthermore, these arguments are outside the scope of the COA. *See Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (stating "28 U.S.C. § 2253(c)(3) limits the issues that may be considered on appeal to those specified in a COA").

The district court did not abuse its discretion by refusing to review Cooper's successive habeas corpus petition.

**AFFIRMED.**