NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30256 |
| Plaintiff-Appellee, | D.C. Nos. 2:16-cr-00007-RSM-1 2:16-cr-00007-RSM |
| v. | |
| LONNIE EUGENE LILLARD, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Submitted June 9, 2022**
Portland, Oregon

Before: SCHROEDER and SUNG, Circuit Judges, and ANTOON,*** District
Judge.

Lonnie Eugene Lillard appeals from the district court's order denying his

motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

district court had jurisdiction to deny Lillard's motion under Federal Rule of Criminal Procedure 37(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review the district court's decision not to consider Lillard's "addendum/supplement" to his motion for abuse of discretion. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The district court did not abuse its discretion because Lillard's amendment raised a claim he had not administratively exhausted and to which the government had no opportunity to respond. *See id.* (futility of amendment and prejudice to opposing party among factors that may justify denial of leave to amend).

2. We also review the district court's denial of Lillard's compassionate release motion for abuse of discretion. *See United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (per curiam). The court did not rely on U.S.S.G. § 1B1.13 in violation of *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). *Aruda* held that when ruling on a § 3582(c)(1)(A) motion filed by a defendant, district courts may consider U.S.S.G. § 1B1.13, but may not treat that policy statement as binding. *Id.* at 802. The district court here concluded, after examining Lillard's asserted bases for release, that Lillard's motion was actually "a collateral challenge to his conviction" and thus "procedurally improper." In doing so, the court agreed with *United States v. Handerhan*, 789 F. App'x 924 (3d Cir. 2019), in which the Third

Circuit concluded "that § 3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity," because "neither the statute nor its policy statement provide for release on the basis of arguments . . . that were or could have been raised on direct appeal or in a § 2255 motion." *Id.* at 926. To the extent that the district court considered U.S.S.G. § 1B1.13, it did so only for the purpose of determining whether § 3582(c)(1)(A) authorizes collateral challenges to a conviction. The court did not apply the policy statement to determine whether a valid motion for compassionate release should be granted, and it therefore did not run afoul of *Aruda*.

3. Finally, we review the district court's denial of Lillard's reconsideration motion for abuse of discretion. *See United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). Ordinarily, reconsideration is warranted only for "a manifest error of law, newly discovered evidence, an intervening change in the law, or any other extraordinary circumstance." *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001). The intervening case law Lillard identified neither was binding on the district court nor warranted relief, as it merely supported his non-meritorious argument that the court had improperly relied on U.S.S.G. § 1B1.13 in denying his original motion. The court also did not commit a manifest error of law by not considering COVID-19 under the § 3553(a) factors, as it did not reach the question of whether those factors warranted relief.

**AFFIRMED.**