OPINION
By the Court,
Springer, J.:
This is an appeal from an order denying Dumas’ petition for post-conviction relief, which is based on a claim that defense *1271 counsel failed to obtain and present psychological testimony relative to Dumas’ mental status at the time of the killing out of which this first-degree murder conviction arose. We reverse on the ground that failure to present psychological or other evidence pertaining to mental status rendered Dumas’ representation ineffective under Strickland v. Washington, 466 U.S. 668 (1984), and particularly under that case’s holding that “counsel has a duty to make reasonable investigations.” Id. at 691.
Dumas killed his fiancee by stabbing her to death. When police entered the murder scene, they witnessed Dumas busily stabbing his victim, whereupon they subdued and arrested him. Dumas was convicted of premeditated and deliberated murder; and the only issue in this case relates to Dumas’ mental state at the time of the killing.
Dumas is mentally deficient, being in the second percentile in intelligence, with an I.Q. of 69. He is illiterate and functions at about the third grade level. Dr. Jurasky, a psychiatrist employed by the State, reported that Dumas probably suffered “organic damage to [his] intellectual capabilities and was incapable of premeditating an act such as the killing that is the subject of this prosecution.” At the post-conviction hearing, Dr. Jurasky testified that Dumas was acting on impulse and out of emotional desperation rather than with deliberation.
Even though Dumas is mentally deficient and, in the opinion of the State’s psychiatrist, incapable of premeditated murder, defense counsel failed to obtain neurological or psychiatric testimony. Defense counsel made no independent inquiry concerning Dumas’ mental condition; and at the post-conviction hearing, defense counsel did not even remember whether or not he had interviewed Dr. Jurasky about this case.
There is, of course, no way of knowing how this case would have turned out had defense counsel made a conscientious effort to explore Dumas’ mental history and mental state at the time of the killing. In Riley v. State, 110 Nev. 638, 650, 878 P.2d 272, 280 (1994), even though we declined to reverse, we recognized that a defendant may be prejudiced by counsel’s failure to investigate overall mental capabilities when a pre-trial psychological evaluation indicates that the defendant may have serious mental health problems. In Riley, we refused to reverse the conviction on this ground because the pre-trial evaluation of Riley was not such that would render counsel’s representation ineffective merely because counsel failed to heed the information contained in that report. The Riley opinion distinguished the facts in that case from Deutscher v. Whitley, 946 F.2d 1443, 1446 (9th Cir. 1991), vacated, 506 U.S. 935, 113 S. Ct. 367 (1992), aff’d sub nom., Deutscher v. Angelone, 16 F.3d 981, 984 (9th Cir. 1994), in which counsel failed to investigate and offer evidence concerning *1272 the defendant’s history of schizophrenia, pathological intoxication and organic brain damage, and Evans v. Lewis, 855 F.2d 631, 636-39 (9th Cir. 1988), in which defense counsel failed to inquire into a prior diagnosis of schizophrenia that could have shown an impairment of mental state at the time of the crime. In Riley, there were cogent reasons for not pursuing the defendant’s psychopathy, and Riley himself did not claim that his lawyer should have introduced the mental status report in question. The case now before us, however, is very similar to Deutscher and Evans in that Dumas has every indication of suffering from serious mental deficiency, derangement and organic brain damage which arguably would have affected his capacity to form the intent to kill necessary for first-degree murder.
Counsel’s failure to investigate and present Dumas’ mental condition as a defense virtually assured that the jury would find Dumas guilty of first-degree murder. With proper investigation, preparation and presentation, defense counsel could very well have presented a cogent defense of mental incapacity or, at least, that Dumas’ mental state was inconsistent with premeditated and deliberated first-degree murder. The district court erred when it concluded that defense counsel’s failure to pursue the only defense available to Dumas was within the bounds of acceptable advocacy. Counsel’s failure to provide effective assistance renders the jury’s verdict unreliable. We reverse the district court’s order denying appellant’s petition for post-conviction relief and remand the matter to the district court for a new trial.
Steffen, C. J., and Young and Rose, JJ., concur.