An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA,<br>Appellant,<br>vs.<br>OMAR ROBLES,<br>Respondent. | No. 62968<br><br>**FILED**<br><br>SEP 2 4 2014<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

*ORDER OF AFFIRMANCE*

This is an appeal by the State from an order of the district court granting relief on a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

The State argues that the district court erred in granting relief on respondent Omar Robles' claims of ineffective assistance of counsel raised in his September 4, 2009, petition. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial

14-31813

evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

The State argues that the district court erred in concluding that Robles' trial counsel was ineffective for failing to request a hearing regarding Robles' competency and for failing to obtain a medical report from Robles' childhood. We conclude that the district court properly determined that counsel's performance was deficient and that Robles was prejudiced.

During the pretrial proceedings, Robles was initially determined to be incompetent, then later determined to be competent. Robles then entered into a guilty plea agreement and pleaded guilty. However, after obtaining different counsel, Robles sought to withdraw his guilty plea by arguing he could not comprehend his plea due to mental and cognitive problems. Robles was then evaluated by a neuropsychologist, Dr. Perez, who concluded that Robles was not able to comprehend his guilty plea due to complications stemming from a serious head injury sustained when he was approximately two years old and other additional learning disabilities. The trial court concluded that Robles was therefore not competent to enter into a guilty plea, permitted Robles to withdraw his guilty plea, and this matter proceeded to trial where a jury convicted Robles.[1]

---

[1]As the State is the appellant in this matter, it is the State's burden to provide this court with an adequate record for review. *See McConnell v. State*, 125 Nev. 243, 256 n.13, 212 P.3d 307, 316 n.13 (2009). The State did not provide transcripts of the hearing where the trial court granted Robles' motion to withdraw the guilty plea and only provided the trial

*continued on next page . . .*

It is a violation of the Due Process Clause of the United States Constitution to prosecute a person while he is incompetent. *Drope v. Missouri*, 420 U.S. 162, 172 (1975). "The test to be applied in determining competency 'must be whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" *Melchor-Gloria v. State*, 99 Nev. 174, 179-80, 660 P.2d 109, 113 (1983) (alteration in original) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). The test to determine whether a defendant is competent to enter a plea is the same as the general test to determine competency. *See Godinez v. Moran*, 509 U.S. 389, 398-99 (1993). "A hearing to determine a defendant's competency is constitutionally and statutorily required where a reasonable doubt exists on the issue." *Melchor-Gloria*, 99 Nev. at 180, 660 P.2d at 113; *see also* NRS 178.400. Moreover, "a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." *Drope*, 420 U.S. at 181.

Here, the trial court concluded that Robles was not competent to enter a guilty plea, but then permitted him to proceed to trial. At the

---

*. . . continued*

court's minute order regarding that hearing. In its order granting Robles' post-conviction petition, the district court stated that the trial court concluded that Robles was not competent to enter a guilty plea, and therefore, we rely on the district court's order regarding the basis for the withdrawal of Robles' guilty plea.

post-conviction evidentiary hearing, trial counsel testified that the purpose of the motion to withdraw the guilty plea was to allow Robles to proceed to trial and that counsel's focus was on the withdrawal of the guilty plea. Counsel testified that once the trial court permitted Robles to withdraw his guilty plea, counsel did not pursue further investigation into Robles' medical records or seek further determination of Robles' competency. As the standard for whether a defendant is competent to enter a guilty plea is the same as the general standard for competency, trial counsel should have ensured that Robles was competent to stand trial. Failure to do so in the circumstances presented fell below an objective standard of reasonableness. Moreover, it is readily apparent from Dr. Perez's report that Robles' competency to proceed was in question. Considering Dr. Perez's conclusions regarding Robles' mental state, trial counsel provided deficient performance by focusing on the withdrawal of Robles' guilty plea and failing to seek a competency hearing after Robles withdrew his plea. See *Dumas v. State*, 111 Nev. 1270, 1271-72, 903 P.2d 816, 817 (1995).

The evidence presented by Robles at the evidentiary hearing also establishes a reasonable probability that he would have been found to be incompetent had trial counsel sought a competency hearing following issuance of Dr. Perez's report and had counsel also obtained the medical record from Robles' childhood. At the post-conviction evidentiary hearing, Robles presented testimony from an expert neuropsychologist who reviewed Robles' prior mental health evaluations in conjunction with the childhood medical report. The expert testified to the importance of an evaluation by a neuropsychologist due to Robles' brain injury and the importance of use of a medical report from when Robles was eight years

old. Again, as the trial court concluded that Robles was not competent to enter a guilty plea, Robles would not have been competent to proceed to trial. Taken together, the evidence before the district court in the post-conviction proceedings established that there is a reasonable probability that Robles would have been found to be incompetent but for the deficient performance of trial counsel.

The district court concluded that Robles had met his burden to demonstrate that trial counsel should have sought a competency hearing and that Robles was prejudiced by counsel's failure to do so.[2] After review of the record before this court, we conclude that substantial evidence supports the district court's ruling that trial counsel was ineffective. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                               Cherry

---

[2]The State argues that the district court's oral ruling and its written order did not have the same findings. The State further argues that the district court also failed to properly articulate its findings regarding prejudice. We conclude that the district court's written order substantially complies with its oral pronouncement and the order is sufficient to permit this court to fully review the State's claims.

cc:    Hon. Jessie Elizabeth Walsh, District Judge
Attorney General/Carson City
Clark County District Attorney
William B. Terry, Chartered
Eighth District Court Clerk